In re Incorporation of Village of St. Francis: Popen-
fus and others, Appellants, vs. City of Milwaukee
and others, Respondents.

*May 10—June 20, 1932.*

*George H. Gabel* of Milwaukee, for the appellants.

For the respondents there was a brief by *Max Raskin,* city attorney, and *Mark A. Kline,* assistant city attorney, attorneys for the city of Milwaukee, and by *Pellette & Zillmer* of Milwaukee, attorneys for the objectors, and oral argument by *Mr. Kline.*

FAIRCHILD, J. The interest of the city of Milwaukee in this proceeding arises out of a right to protect its territorial boundaries as they exist or are about to be changed by pending proceedings for annexation of additional territory. As stated in the brief of appellants, the only substantial issue is, "Should the application have been denied and dismissed because said two annexation proceedings were pending prior to the proceedings taken thereunder for the incorporation of the village of St. Francis." The court below denied the application for the incorporation of certain territory as a village because there was included as a part thereof territory for which proceedings to annex that territory to the city of Milwaukee were pending at that time, and the court held that this gave the city exclusive jurisdiction over such territory. There were two annexation proceedings pending at the time the application for incorporation was made, and it is contended by one side, though not conceded by the other, that the petition dated February 4, 1931, is void on its face. We are of the opinion that a determination as to the validity of that February 4th proceeding is unnecessary; that any conclusion here reached on that point cannot affect the final

result in this action because the other petition bearing date January 30, 1931, is beyond attack in this proceeding.

The petition of January 30, 1931, the first petition filed for annexation, appears to have been duly presented to the common council of the city of Milwaukee at a regular meeting on February 4, 1931, and referred to the regular committees and approved by the proper boards.

On March 9, 1931, at a regular meeting of the common council, the judiciary-legislation committee thereof reported on said petition, presented an ordinance of annexation, and recommended that the city clerk be instructed to publish said ordinance. The committee's report was unanimously adopted and referred to the judiciary-legislation committee for publication. The proposed ordinance was thereafter published in the official paper of the city of Milwaukee once each week for four successive weeks. On April 20, 1931, at a regular meeting of the common council, the ordinance of annexation was passed by a unanimous vote. This ordinance was then duly published; and under the statutes regulating the method of annexation, the territory described in the petition and ordinance would, ninety days thereafter, become part of the city of Milwaukee. The territory annexed under the petition of January 30th comprises about 196 acres of land south of and contiguous to Milwaukee and is a part of the territory which the applicants for incorporation seek to include in the village of St. Francis. There clearly is a conflict over this territory between the annexation proceedings and the incorporation proceedings. The purpose of the applicants for incorporation in relation to that portion so sought to be annexed to the city is so opposed to the plan for annexation thereof to the city that there is not room for both. In one phase of the matter this 196 acres would be in the "sphere of influence" of the city of Milwaukee, and if the other side were to prevail it would belong to the new village. One must yield. If those who are attempting to

direct the course of the two movements have in each instance met the statutory requirements in notice, application, survey, and other details of the proceedings required by law, the movement first started has the right of way.

The learned trial court said: "Even if one of the annexation proceedings were void on its face, . . . the attack on the validity of the other one would require extrinsic evidence, and the situation would not be changed, because if any part of the territory proposed to be incorporated is the subject of a previously commenced annexation proceeding not void on its face, the incorporation petition is not properly in court, for the incorporation proceedings must be considered with reference to the territory proposed to be incorporated as an entirety."

On the part of the appellants it is urged that the trial court should have either (1) made an order under sec. 61.08 of the Statutes declaring that the said territory be incorporated as a village if the electors thereof assent thereto as provided by statute, leaving the question of the priority of one proceeding over the other, if it should ever arise, to be determined by *quo warranto* or some other independent action; or (2) should have made an order pursuant to sec. 270.54 finding that the statutory provisions for the incorporation of said village had been complied with and reserving its order for the incorporation of said territory as a village until the determination of an action (then pending) brought to test the validity of said annexation proceeding which was not void upon its face. The effect of the decision of the court below is that the annexation proceedings, having been first instituted, had precedence over the subsequent village proceedings, and that the city of Milwaukee could not be ousted of its jurisdiction thus first obtained over the annexation territory by any subsequent village proceedings which included the same territory. This decision seems

to be sustained by reason and authority, and seems to be in accord with the general rules governing cases of this character. *Schriber v. Langlade,* 66 Wis. 616, 29 N. W. 547, 554; 1 McQuillin, Mun. Corp. §§ 138, 280,. 290; McQuillin, Mun. Corp. § 138 (Supp.) ; *People v. Morrow,* 181 Ill. 315, 54 N. E. 839. The statute expressly provides that the validity of the proceedings annexing territory shall not be called in question collaterally in any court. Sec. 62.07 (3).

As to the interlocutory order which appellants ask for, their theory seems to be that they are entitled to have the incorporation proceedings treated as something in the nature of a notice of *lis pendens,* insuring to them the right of succession in the order of precedence if the annexation proceedings fail.

In the opinion filed by the learned trial court he stated: "It was testified in this case by one of the applicants that the idea of the movement for incorporation of the village had its source in the prior initiation of the annexation proceedings by the Milwaukee common council. It is obvious that the primary purpose of the village incorporation proceedings is to defeat annexation." The legislature in its effort to give, as nearly as possible, to the people interested the means of providing for government over immediate surroundings did not, we think, at the same time devise a scheme to defeat or delay the very plan of annexation it sought to make available. To permit both incorporation proceedings and the annexation proceedings to go on at the same time would result in doubt, confusion, and be beneficial to no one. One proceeding ought not to be used to defeat the other; and again, as suggested by the learned trial court, "if a proposed annexation is opposed, it should be done openly either before the common council committee while the annexation ordinance is pending, or, if it is deemed invalid after passage, by a direct attack in a proper

action in the courts, and not by attempting to set up a rival governmental organization."

Where the two proceedings are begun about the same time and in good faith, undoubtedly some reasonable arrangement can be made which would be more satisfactory to applicants than a dismissal of their proceeding; but the universal rule as gathered from the decisions with reference to a state of facts such as exists here is to the effect that the proceedings first instituted have precedence. The logic of this is that the later proceedings are of no effect. It will be readily conceded that there cannot be two corporations or municipalities organized for similar purposes with coextensive powers of government extending over the same district, and as the application for incorporation includes territory which, as the record now stands, it cannot include, the application must be denied.

We are of the opinion that the findings of fact and conclusions of law of the trial court are sustained and that under the evidence disclosed the court proceeded properly in entering the order as it did.

*By the Court.*—Order affirmed.