STATE OF MISSOURI on Information of WILLIAM F. GOODMAN, Prosecuting Attorney of Pike County, EX REL. J. W. CREWDSON, Mayor of the City of Louisiana, and WILLIAM PHILLIPS and MARGARET PHILLIPS, Appellants, v. ROBERT SMITH, WILLIAM INCE, EARL REED, CHARLES JOHNSON and JOHN TROUTWINE.—53 S. W. (2d) 271.

Division Two, September 28, 1932.

*F. D. Wilkins, Andrew J. Murphy, Jr.,* and *J. D. Hostetter* for appellants.

*Davis Benning* and *May & May* for respondents.

WESTHUES, C.—This is a *quo warranto* proceeding instituted at the information of William F. Goodman, Prosecuting Attorney of Pike County, at the relation of J. W. Crewdson, mayor of the city of Louisiana, Missouri, and others to challenge the validity of the incorporation of the village of Elmwood.

The judgment of the trial court was that the incorporation of the village was valid, and the proceedings in *quo warranto* were dismissed. From this judgment appellants and relators have appealed.

The territory in question lies just outside the corporate limits of the city of Louisiana, Missouri. The information alleges that the attempted incorporation of Elmwood by an order of the county court was void for want of jurisdiction of the subject-matter and that the order attempting to incorporate the village was procured through fraud practiced on the county court, by the petitioners for incorporation. The information in *quo warranto* asked that the trustees and officers of the village, appointed by the county court, be ousted from office.

From the view we take of the case it will only be necessary to relate that portion of the testimony dealing with the various steps, taken by the city council of the city of Louisiana, with reference to extending the city limits embracing the territory here in question and also the steps taken by the County Court of Pike County with reference to the attempted incorporation of the territory as a village.

The evidence reveals the following: The minutes of the proceeding of the city council of Louisiana as of the date of May 3, 1929, introduced in evidence, reveals that an ordinance was presented to the council proposing to extend the city limits. One of the attorneys of record in this case for respondents, representing the residents of the territory here in question, protested to the city council and asked that the ordinance be tabled for thirty days to give the property owners in the proposed extension an opportunity to present their side of the case. The ordinance was read and laid on the table for thirty days. The city clerk was instructed, by resolution, to pub-

lish the ordinance for three weeks and furnish a proof of its publication at the next regular meeting of the council. On May 14, 1929, the city council passed the ordinance extending the city limits so. as to include all the territory here in question as well as other lands. On May 13, 1929, the residents of the district, through their attorneys, presented a petition to the county court, asking for the incorporation of the territory as a village. The county court on the same day made an order incorporating the district as a village under the name of Elmwood. Subsequently and on May 24, 1929, the county court held a hearing at which the mayor and city council of Louisiana appeared and presented their objections to the order of incorporation made by the county court. The county court on July 5, 1929, entered an order of record reaffirming the order of incorporation made on May 13, 1929. Thereupon this proceeding in *quo warranto* was begun in the Circuit Court of Pike County, Missouri. By virtue of Section 7361, Revised Statutes 1929, the city of Louisiana through its council had the authority to extend the limits of the city so as to include the territory here in question. This authority of the city is not challenged in this proceeding. By virtue of Section 7091, Revised Statutes 1929, the county court in a proper proceeding likewise had the authority to incorporate the territory as a village.

The question arises which of the proceedings instituted in this case takes precedence of the other. It is a well established principle of law that when several separate authorities have concurrent jurisdiction of the same subject-matter the one in which proceedings were first commenced has exclusive jurisdiction to the end of the controversy. It is unnecessary, however, to cite cases supporting the general principle, as we have good authority on the precise point in question. In 43 Corpus Juris, page 83, section 23 we read: ''Also, where under different statutes, vesting jurisdiction in different persons or authorities, the same territory is subject either to formation into a new municipality or to annexation to an existing municipality, the jurisdiction first invoked becomes exclusive.'' In examining the cases cited to the text in Corpus Juris, just quoted, we find many well considered cases in point. People ex rel. v. Morrow, 54 N. E. (Ill.) 839, was a dispute wherein the incorporation of the town of North Chicago was questioned. After a proceeding had been commenced to incorporate, but prior to its incorporation, the territory was annexed to the city of Waukegan. The court in disposing of the question said:

''At the time the petition for annexation was presented to the city, there had been begun and was pending a proceeding by the proper authority to perfect the organization of the village. In other words, the territory was in process of organization into a village. That that proceeding might have resulted in a failure to organize does not, in

our judgment, militate against this proposition; and the question, therefore, is, could the petitioners for annexation defeat that proceeding by subsequently attempting to call into exercise the other power authorized by the statute? It cannot, we think, be presumed that the Legislature intended to give citizens and legal voters of certain territory the power to organize a village, and at the same time authorize other parties, by a subsequent proceeding, to defeat that right; and it is clear that to hold otherwise would be to bring into conflict, resulting in confusion, the two opposing powers, or, speaking in a general sense, jurisdictions. Had the petition for annexation been first presented to the city council, and its action postponed from time to time, until, by a subsequent proceeding, the organization of the territory into a village had been perfected, the same question would be presented, and we do not think in that case it could reasonably be held that the power of the city council to carry out the annexation proceeding would be defeated. The question, as it arises under our statute and decisions, is a new one, and not wholly free from difficulty, but we think the foregoing views are sustained by both reason and authority.''

To the same effect is the case of State ex rel. v. Clark, 131 N. W. (N. D.) 715. This was a case where the city council of Minot had commenced proceedings on March 18, 1909, for the annexation of adjacent territory, but due to irregularities it was not completed until after a board of county commissioners had, on petition of the property owners, incorporated the territory into a village. The court in answer to the contention that the town was organized prior to the completion of the annexation proceedings said:

''(2) 2. In view of the fact that the city council obtained jurisdiction March 18, 1909, could they be ousted of that jurisdiction by the operation of any other board or tribunal, and does the fact that the final order of the board of county commissioners was made prior to that of the city council in any manner affect the proceedings of such city council? It would be an anomalous situation indeed, if co-ordinate bodies exercising governmental powers could operate upon the same subject-matter at one and the same time, and thus enter upon a race to accomplish an object similar to that permitted by the legislation in this instance. . . . Confusion could only result from permitting two bodies to proceed in the formation of such corporation. Every possible reason suggests the propriety of permitting that body which first secures jurisdiction to proceed in determining the questions involved. The act in question provides for a full hearing, and at every step as shown by the record, the people of North Minot were present before the city council, giving evidence and participating in the proceedings had before that body. Courts frequently have co-ordinate jurisdiction over certain controversies, and it is always held

in such cases that the court first securing jurisdiction retains it to the exclusion of any other court throughout the entire litigation. The safety of litigants demands this, and the same principle is involved where the organization of cities or villages is concerned.''

Another case which is often cited is Taylor et al. v. City of Ft. Wayne et al., 47 Ind. 274. In that case a petition had been filed before the board of county commissioners for the incorporation of the town. After the filing of such a petition and prior to the incorporation of the town, the territory was annexed to the city of Ft. Wayne by a vote of the city council. To show that the situation was similar to the case now before us we quote from the opinion.

''The evidence shows that the county commissioners had acquired jurisdiction of the proceedings; that the application of the appellants had been regularly presented to the board in open session, together with the evidence showing that the requirements of the statute had been complied with, and that the appellee, the city of Fort Wayne, appeared before the commissioners and filed a remonstrance, claimed to be interested in defeating the application, and moved to dismiss it; that the board, after deciding that the city had a right to be heard, and after hearing arguments on the motion to dismiss, took the matter under advisement and postponed its further consideration until their next regular meeting. Whilst those proceedings were pending, the resolution complained of was passed. . . . The proceedings before the board of commissioners give that body jurisdiction over the subject-matter, and it cannot be defeated by any act of the common council.

''Having acquired jurisdiction, it is their duty to retain it and proceed to a final hearing and disposition of the application. [West v. Morris, 2 Disney, 415; Merrill v. Lake, 16 Ohio, 373, 405.]

''It is a clear principle of jurisprudence, that when there exists two tribunals possessing concurrent and complete jurisdiction of a subject-matter, the jurisdiction becomes exclusive in the one before which proceedings are first instituted, and which thus acquires jurisdiction of the subject. [Slyhoof v. Flitcraft, 1 Ashm. 171; The Ship Robert Fulton, 1 Paine, 620, 626; Taylor v. Carryl, 20 How. 583; Peck v. Jenness, 7 How. 612; Smith v. M'Iver, 9 Wheat. 532; Peale v. Phipps, 14 How. 368; Shelby v. Bacon, 10 How. 56; Clepper v. The State, 4 Texas, 242.'']

The doctrine announced in the Taylor case, supra, was reaffirmed in State ex rel. v. Town of Hessville et al., 131 N. E. 46, 191 Ind. 251. In the case now before us an ordinance, extending the city limits of the city of Louisiana, was presented to the city council by the ordinance committee on May 3, 1929. The inhabitants of the territory proposed to be taken in under the ordinance, through their attorney, presented a petition of protest and asked thirty days fur-

ther time in which to be heard. The city council granted the request. The ordinance was read and ordered published. Final action was postponed for thirty days. The inhabitants of the territory, through their attorneys, having lulled the city authorities into inaction, proceeded to obtain their purpose and to defeat the action of the city council by instituting proceedings before the county court and obtaining an order of incorporation the same day the petition was filed with the county court. Such a course of procedure should not receive the sanction of a court of justice. As illustrated by the cases cited above, it is evident that the county court of Pike County did not have jurisdiction or authority to incorporate the town of Elmwood so long as the annexation proceedings of the city council covering the same territory, were pending. The order of the county court incorporating the territory as a village was void.

The judgment of the circuit court is reversed and the cause remanded with instructions to enter judgment for relators, appellants, as prayed for in the information. *Cooley* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All of the judges concur.