SCHOOL DISTRICT OF THE CITY OF BIRMINGHAM *v.*
SCHOOL DISTRICT NO. 2, FRACTIONAL, OF THE TOWNSHIP
OF BLOOMFIELD AND CITY OF BLOOMFIELD HILLS.

1. SCHOOLS AND SCHOOL DISTRICTS—ANNEXATION—CONSTRUCTION OF
STATUTES.
   Provision of school code in respect to annexation that a "school
   district composed in whole or in part of a city having a popu-
   lation of less than 10,000" is construed as meaning a "school
   district composed in whole or in part *of part or all* of a city
   of less than 10,000" in suit by third class school district seek-
   ing to annex all of a primary school district of which a part
   is sought to be annexed by a graded school district whose
   territory includes the greater part of a city of less than
   10,000 population and some unincorporated territory, where
   any other construction would create hardship and injustice
   (2 Comp. Laws 1929, § 7401).

2. SAME—CONFLICT OF ANNEXATIONS—PRIORITY.
   In a conflict of annexations of school districts, the taking of the
   first necessary statutory step establishes jurisdiction and
   priority.

3. SAME—PETITION FOR ALTERATION OF BOUNDARIES—JURISDICTION
FOR ANNEXATION PROCEEDINGS.
   Since no petition to alter the boundaries of a school district not
   lying wholly or partly within a city is required by statute, the
   filing of a petition by residents thereof does not establish
   jurisdiction.

4. SAME—ANNEXATION—ERRONEOUS REFERENCE TO STATUTE.
   An erroneous reference to statutory authority would not invali-
   date administrative action in school district annexation pro-
   ceedings where there is a statutory provision under which such
   action could be taken.

5. SAME—ANNEXATION—STATUTES—GRADED SCHOOL DISTRICT.
   The erroneous assumption that a county board of education had
   power to act in the matter of annexation of part of a primary

school district to a graded school district would not nullify action taken by petitioners, residing in the primary school district, in petitioning for such action by the county board, where the petition was filed with the graded school district board and acted upon favorably by such board prior to any action taken by neighboring third class district board seeking to annex the entire primary district (2 Comp. Laws 1929, §§ 7401–7403).

6. Same—Annexation of Primary School District to Graded School District.

Whether or not petition, signed by residents of portion of primary school district desirous of annexing portion of such district to adjoining graded school district, was sufficient to establish jurisdiction in annexation proceedings prior to those commenced by nearby third class school district to annex all of the primary district, is not determined where it appears that a resolution of the board of the graded school district, antedating any action taken by the third class district, was sufficient to do so (2 Comp. Laws 1929, §§ 7401, 7402).

7. Same—Annexation—Priority—Sufficiency of Resolution.

Resolution of board of graded school district, which set forth the portion of the territory of an adjoining primary school district to be annexed and which indicated an intent to vote in favor of a specific change in boundaries and to add to the graded district the territory referred to in petition received from property owners of such territory held, sufficient to sustain priority for such graded district over subsequently commenced proceedings for annexation of the same territory by a third class school district (2 Comp. Laws 1929, §§ 7401, 7402).

8. Officers—Disqualification of Public Official on Two School District Boards.

Since the disqualifying interest of a public official must be a private and personal one, not a remote one relating to public activities unless the public actions amount to a patent fraud upon one of the political bodies represented, a person who is a member of both a county school board and a member of the board of a graded school district within the county would not be disqualified from participating in the action by the county board in controversy between such graded school district board and a third class district board over annexation of territory of a primary school district.

9. COSTS—PUBLIC QUESTION—ANNEXATION TO SCHOOL DISTRICT.
   No costs are allowed in controversy between a third class school
   district and a graded school district over the annexation of
   territory of primary school district, a public question being
   involved.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 16, 1947. (Docket No. 39, Calendar No. 43,667.) Decided June 27, 1947.

Bill by School District of the City of Birmingham against School District No. 2, Fractional, of the Township of Bloomfield and City of Bloomfield Hills and others to require the apportionment, levy and collection of taxes over lands comprising a former school district alleged to have become a part of plaintiff. Decree for plaintiff. Defendant School District and its board of education appeal. Plaintiff cross-appeals. Reversed and decree entered for appellants.

*Berry & Stevens* (*Claude H. Stevens,* of counsel), for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendants and appellants.

*Paul O. Strawhecker* and *Earl W. Dunn, Amici Curiae.*

BOYLES, J. Plaintiff and appellee school district of the city of Birmingham in Oakland county started proceedings to annex to said district the territory of school district No. 5, township of Bloomfield in said county. The defendant and appellant school district No. 2, Fractional, of said township of Bloomfield and the city of Bloomfield Hills in said county, also

started proceedings to annex to its district approximately the north half of said district No. 5. Obviously both plaintiff and defendant school districts could not annex to their respective districts the same territory in the north half of district No. 5, and this litigation is to settle the issue as to which school district is entitled to said territory. For brevity, the plaintiff will herein be referred to as the Birmingham district, defendant will be referred to as the Bloomfield Hills district, and the district which will lose territory in either event by the annexation will be referred to as district No. 5. The other defendants, board of education, board of supervisors, and certain individuals in their official capacities filed answers disclaiming any interest in the matter except for an orderly process of levying and collecting taxes, and express a willingness to abide any final outcome of the case.

Plaintiff and defendant school districts both started annexation proceedings early in 1946. Some delay was caused by litigation and a temporary injunction, which was terminated by a decree dismissing the bill of complaint on June 14, 1946. No appeal was taken and that case is of no importance here except to account for the delay. When the time came for the levying of taxes the controversy between plaintiff and defendant came to a head. The city assessor of Bloomfield Hills refused to levy school taxes in the disputed territory within the city until it should be determined to which district it belonged. The Bloomfield township supervisor declared his intention to levy taxes in the disputed territory as a part of the Bloomfield Hills district.

Thereupon the plaintiff Birmingham district filed the instant bill of complaint in the circuit court for Oakland county in chancery asking that the territory claimed by the defendant Bloomfield Hills district,

approximately the north half of district No. 5, be decreed to be a part of plaintiff Birmingham district, claiming that its proceedings for annexation took precedence over those of the defendant Bloomfield Hills district. In its bill of complaint, plaintiff sets up in full the proceedings on which it relies. These are admitted by defendant's answer, but the defendant claims that these proceedings give to it, rather than to the Birmingham district, the priority in claiming the disputed territory; and by way of affirmative matter the defendant sets up the proceedings on which it relies in claiming the right to the territory in the north half of district No. 5. At the hearing it was stipulated that the real parties in interest are the plaintiff and defendant school districts, and the defendant district No. 5. The circuit judge after a hearing entered a decree to the effect that the plaintiff Birmingham district had properly annexed all of district No. 5 and that school taxes should be levied accordingly, on the entire territory of district No. 5. The defendant Bloomfield Hills district appeals.

Plaintiff Birmingham district is a school district of the third class, existing under the provisions of Act No. 319, pt. 1, chap. 6, § 1, Pub. Acts 1927, commonly called the school code, as amended by Act No. 244, Pub. Acts 1929 (2 Comp. Laws 1929, § 7219); Act No. 54, Pub. Acts 1931; Act No. 182, Pub. Acts 1939; and Act No. 169, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 7219, Stat. Ann. 1946 Cum. Supp. § 15.181). The territory of said district includes all of the city of Birmingham, a small part of the city of Bloomfield Hills, and some unincorporated territory in the township.

The Bloomfield Hills district is a graded school district existing under the provisions of part 1, chap. 3, § 1, of the school code, supra (2 Comp.

Laws 1929, § 7115 [Stat. Ann. § 15.21]). Its territory includes the greater part of the city of Bloomfield Hills, and unincorporated territory.

District No. 5 is a primary school district existing under the provisions of part 1, chap. 2, § 1, of the school code, *supra* (2 Comp. Laws 1929, § 7095 [Stat. Ann. § 15.2]). Its territory includes a small part of the city of Bloomfield Hills, and unincorporated territory in the township.

The dispute here is largely as to which provision of the school code applies to this annexation, and as to the proper construction of the language used therein. Chronologically, the proceedings taken by both plaintiff and defendant school districts for annexation of the whole or a part of district No. 5 were as follows: Dated January 16, 1946, a petition was signed by 45 persons described as "property owners and residents of district No. 5," directed to the Oakland county school board* requesting that a certain (north) portion of district No. 5 (describing it) be transferred to the Bloomfield Hills district. On January 21st the above petition was forwarded, with a letter dated January 19th, to the county board. On the same day a copy of said petition, without the signatures, was forwarded to the Bloomfield Hills district board of education, with a letter requesting that the board "approve the transfer and make known your approval to the Oakland board." On January 25th a letter from the secretary of the county board of education was sent to the Bloomfield Hills board, requesting action on the petition. On January 30th a resolution was passed by the Bloomfield Hills board, approving the petition. On February 12th a resolution of the

---

* See Act No. 117, Pub. Acts 1935, as last amended by Act No. 186, Pub. Acts 1945 (Comp. Laws Supp. 1940, 1945, § 7322–1 *et seq.*, Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 15.161 *et seq.*).—REPORTER.

*Birmingham* district board of education was passed, determining that all of district No. 5 should be annexed to the *Birmingham* district, subject to approval of the electors. On February 14th a resolution of the district No. 5 board was passed, calling a special meeting of the electors of the district for March 4th, to vote on annexation to the Birmingham district. On February 21st a resolution of the Bloomfield Hills board was passed, accepting the transfer proposed in the petition and designating members to meet with the county board on March 4th to consider the change.

Prior to said March 4th, the suit hereinbefore referred to was started and a temporary injunction obtained restraining the election as to annexation to the Birmingham district. The meeting of March 4th between the members of the Bloomfield Hills district and the county board was adjourned from time to time while that suit was pending. On June 14th, the bill in that cause having been dismissed, the joint meeting which had been called by the Bloomfield Hills board was held, and the annexation to the Bloomfield Hills district approved. On June 17th the adjourned election which had been called by the district No. 5 board was held. None of the residents of the northern portion of district No. 5, the land in dispute, voted in the election, allegedly on the advice of their attorney that the joint meeting of June 14th had already resulted in their transfer to the Bloomfield Hills district.

We agree with the trial court that the annexation of territory by Bloomfield Hills district is governed by the provisions of part 2, chap. 3, §§ 13, 14, of the school code, *supra* (2 Comp. Laws 1929, §§ 7401, 7402 [Stat. Ann. §§ 15.419, 15.420]). Bloomfield Hills district is a graded school district, and Bloomfield Hills is a city with less than 10,000 population.

Part 2, chap. 3, of the school code applies to alteration and consolidation of school districts. Sections 13 and 14 apply to graded school districts, such as the Bloomfield Hills district. Its caption, which was a part of the act as passed by the legislature, reads:

"Districts composed in whole or in part of a city of less than ten thousand."

The pertinent part of section 13 is as follows:

"Whenever a change in, or the establishment of, the boundaries of a school district *composed in whole or in part of a city having a population of less than 10,000* is desired or becomes necessary, such change or establishment may be made by the joint action of the board of education of such district and the township board of the township in which the territory may be located."

The construction of the italicized part, indicated in the above quotation, is one of the grounds for disagreement between the parties in the present case. Does section 13 apply where only a part of a city of less than 10,000 inhabitants is in the school district, or must the entire city be included in it? It is quite important to note that in part 1, chap. 6, § 4, of the school code (2 Comp. Laws 1929, § 7222 [Stat. Ann. § 15.184]); the words "city forming the whole or a part of a school district of the third class" are used in the same sentence with and intended to be consistent with the words, "the contiguous school district embracing the whole *or some part* of said city." We conclude that "school district composed in whole or in part of a city," a phrase frequently used throughout the school code, and as used in said section 13, is intended to mean "school district composed in whole or in part of part or all of a city" of less than 10,000 inhabitants. A case quite in point is *Attorney General, ex rel. Com-*

*mon Council of the City of Detroit,* v. *Marx,* 203
Mich. 331. In that case, statutory reference to "any
city having a population of 250,000 or over which
comprises a *single* school district" was held to ap-
ply to the city of Detroit, although that city com-
prised several school districts. It was held that the
legislative reference was to a principal or dominat-
ing school district; any other construction would
create hardship and injustice. The same principle
applies here.

We consider that the controlling question in this
case is, which district took the first necessary stat-
utory step toward annexation. Both parties to the
appeal agree that in a conflict of annexations, the
taking of the first necessary statutory step estab-
lishes jurisdiction and priority. This principle of
law is well settled in many jurisdictions. *Taylor* v.
*City of Fort Wayne,* 47 Ind. 274; *State, ex rel.
Crewdson,* v. *Smith,* 331 Mo. 211 (53 S. W. [2d]
271); *State, ex rel. Johnson,* v. *Clark,* 21 N. D. 517
(131 N. W. 715); *State, ex rel. Binz,* v. *City of San
Antonio* (Tex. Civ. App.), 147 S. W. (2d) 551; *State,
ex rel. Osborn,* v. *Mitchell,* 22 Ohio Cir. 208; *Col-
quhoun* v. *City of Tucson,* 55 Ariz. 451 (103 Pac.
[2d] 269); *In re Incorporation of Village of St.
Francis,* 208 Wis. 431 (243 N. W. 315); *People, ex
rel. Hathorne,* v. *Morrow,* 181 Ill. 315 (54 N. E. 839).
These cases involved municipalities. The same prin-
ciple is applied to school districts. *State; ex rel.
George,* v. *Baker,* 120 Tex. 307 (40 S. W. [2d] 41);
*Independent District of Sheldon* v. *Board of Super-
visors of Sioux County,* 51 Iowa, 658 (2 N. W. 590);
*Trumbull County Board of Education* v. *State, ex
rel. Van Wye,* 122 Ohio St. 247 (171 N. E. 241).

The priority of defendant and appellant Bloom-
field Hills district depends either upon the validity
of the petition of January 16, 1946, or on that of
the resolution passed by the Bloomfield Hills board

on January 30th, both of which occurred prior to any action toward annexation taken by the plaintiff (appellee) Birmingham district on February .12, 1946.

Plaintiff claims that both of these actions were intended to be taken pursuant to chapter 3, §§ 1, 2, above mentioned (2 Comp. Laws 1929, §§ 7389, 7390 [Stat. Ann. §§ 15.407, 15.408]). It is clear from a reading of section 1, and this Court has held with respect to its predecessor enactments (which did not differ 'in this respect) that no petition under said sections is required, and hence a petition under said sections would not . establish jurisdiction. *Gentle* v. *Board of School Inspectors of Colfax Township*, 73 Mich. 40 (under How. § 5041); *Howell* v. *Shannon,* 130 Mich. 556 (under 2 Comp. Laws 1897, § 4654). The first action required by said sections 1 and 2 is that of the county board of education. No such action was taken prior to February 12th. But the defendant contends that the petition (January 16th) and the resolution (January 30th) could equally well apply to action taken pursuant to sections 13 to 15 (2 Comp. Laws 1929, §§ 7401-7403 [Stat. Ann. §§ 15.419-15.421]), under the subcaption "Districts composed in whole or in part of a city of less than ten thousand." The objection to this which was deemed fatal by the trial court, was that it was not the intention of the petitioners . or the board to act under these sections. However, no statutory provision was referred to; and' even an erroneous reference to statutory authority would not invalidate administrative action in this case, there being a provision of law under which such action could be taken. Analogous to the situation here, see *Commissioners of Johnson County,* v. *January,* 94 U. S. 202 (24 L. Ed. 110); *City of Beatrice, Neb.,* v. *Edminson,* 54 C. C. A. 601 (117

Fed. 427). The petition signed January 16th by the property owners of district No. 5 described the territory to be annexed and was filed with the authority which had the statutory power to act. While the appellant assumed that the county board had jurisdiction, a copy of the petition, without signatures, was filed with the Bloomfield Hills district board, and was acted upon by that board, prior to any step toward annexation taken by the plaintiff appellee Birmingham district. We are not impressed with the basis on which the trial court held these proceedings failed to give the Bloomfield Hills district the necessary statutory priority over the annexation, namely, that the petition and resolution were pointed to the wrong sections of the school code. The erroneous assumption that the county board had the power to act does not nullify the action taken by the petitioners and the Bloomfield Hills board for annexation to the appellant Bloomfield Hills district.

It is claimed by plaintiff that the petition is defective. Plaintiff claims that a petition required by statute or charter must state all jurisdictional facts, citing *Nichols* v. *Tallmadge,* 260 Mich. 576. Cases relied on by plaintiff relate to condemnation proceedings, special assessments and the like. It may be doubted whether the requirements with respect to alteration of local school district boundaries should be so strict, there being no substantial reason therefor. Defendant contends that a petition of this type is sufficient if it complies substantially with the statutory requirements, and brings the matter to the notice of the board, citing *Ward* v. *Consolidated School District,* 225 Mo. App. 1139 (16 S. W. [2d] 598), and *Drew* v. *Town of Zwolle,* 185 La. 867 (171 South. 59). In the former case, a petition required to be filed with two boards was filed with

one only, whose clerk made a true copy and forwarded the original to the other board. This was held to satisfy the statute. In the Louisiana case a petition for local liquor option was not actually filed at all, but it was common knowledge, and the court held the defect cured by subsequent election.

But if the petition be regarded as fatally defective, the resolution of January 30th can stand alone, for the statute provides for independent action by the board without being moved by a petition therefor. *City of Indianapolis* v. *Mansur,* 15 Ind. 112; *Harris* v. *City of Saratoga Springs,* 171 App. Div. 977 (152 N. Y. Supp. 73); *City of Spokane* v. *Ridpath,* 74 Wash. 4 (132 Pac. 638); *Lawton* v. *City of Racine,* 137 Wis. 593 (119 N. W. 331). No defect is perceived in this resolution. Plaintiff seems to regard it as too informal. It states:

"Having received a petition from property owners of the following portion of district No. 5, Bloomfield township and Bloomfield Hills:

"Section 28, except Oakland Hills Country Club and the S. 1,980 ft. of S. W. ¼; the S. ½ of section 22, except that part in Birmingham and Bloomfield Hills district; the S. ½ of section 21; and E. ½ of N. E. ¼ section 21 and the E. ½ of S. E. ¼ of section 20, asking that they be transferred from district No. 5 to district No. 2, this meeting was called to consider the proposition.

"Moved by Blanchard and supported by Patten that the school district No. 2 Bloomfield Hills and Bloomfield township approve this petition.

"Carried."

But the statute does not prescribe any particular form of resolution. Nor does reference to a defective petition invalidate the resolution. The board intended to vote in favor of a specific change in

boundaries and to add to the Bloomfield Hills district the territory referred to in the petition. This it could legally do, under the authority of said sections 13 and 14. The reference to and recital of the petition makes definite the boundaries voted upon. The action was sufficient to sustain priority for the appellant.

Counsel for plaintiff claim that at the subsequent meeting between the county board and representatives of the Bloomfield Hills board a member of the county board should have been disqualified because he was also a member of the Bloomfield Hills board (though not appointed to represent it at this meeting). The objection is without force. The disqualifying interest must be a private and personal one, not a remote one relating to public activities (*Thompson* v. *School District No. 1 of Moorland Township,* 252 Mich. 629 (74 A. L. R. 790); *Clement* v. *Everest,* 29 Mich. 19, unless the public actions amount to a patent fraud upon one of the political bodies represented (*Myers* v. *Post,* 256 Mich. 156).

The decree of the trial court is reversed and a decree may be entered here giving the appellant the right of annexation of that part of district No. 5 claimed by it, in accordance herewith. No costs, a public question being involved.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.