COMMON SCHOOL DISTRICT NO. 1317, NORMAN COUNTY, AND OTHERS v. BOARD OF COUNTY COMMISSIONERS, NORMAN COUNTY, AND OTHERS. INDEPENDENT SCHOOL DISTRICT NO. 524, NORMAN COUNTY, APPELLANT.

127 N. W. (2d) 528.

February 21, 1964—No. 39,365.

*Peter S. Popovich* and *Peterson & Popovich,* for appellant.
*Robert C. Swenson* and *Swenson & Grover,* for appellants below.
*G. L. Dosland* and *Dosland & Dosland,* for respondents below.

MURPHY, JUSTICE.

This is an appeal from a judgment entered pursuant to an order granting summary judgment in school district alteration proceedings within the scope of Minn. St. 122.21 and 122.23.

The controversy arises from competing plans for the disposition of certain lands in Common School Districts Nos. 1317 and 1318 in Norman County. It appears that most of the freeholders in these districts desired to take advantage of the provisions of law which permit them to become a part of larger and stronger school districts in their adjoining area. Certain of the freeholders proceeded under the provisions of § 122.21 to have their land annexed to Independent School District No. 524, hereinafter referred to as the Halstad District. Others in the common school districts desired to proceed by consolidation under the provisions of § 122.23, so as to have their land become a part of Independent School District No. 592 in Polk County, hereinafter referred to as the Climax District. The consolidation proceedings were instituted subsequent to the annexation proceedings. The principal question which we consider is whether, under the statutes above cited, consolidation proceedings take precedence over annexation proceedings. Appellant, the Halstad District, argues that the trial court erred in holding that they did.

From the procedural history contained in the record it appears that there are roughly 190 parcels of land in the two common school districts involved in these proceedings. Between September 20 and September 25, 1961, 39 freeholders from this area petitioned to have their land attached to the Halstad District by valid petitions filed pursuant to § 122.21. By order dated September 25, 1961, the Norman County board of commissioners set a hearing on the petitions for the following October 18. The commissioner of education was properly notified of the filing of the petitions. On the latter date a hearing was duly held and then adjourned to the following day, at which time the county board issued orders granting all 39 petitions, each petition being approved by a separate order. Certified copies of these orders were filed with the commissioner of education.

While the foregoing proceedings were pending, the county superin-

tendent of schools of Polk County, acting in the interest of freeholders who wished to join the Climax District, initiated consolidation proceedings pursuant to the provisions of § 122.23. On September 26, 1961, a plat for consolidation of Common School Districts Nos. 1317 and 1318 with the Climax District was filed with the commissioner of education. While there seems to be some claim that the filing of the plat was incomplete in that only one of the required two copies was received, it appears from the record that a duplicate copy was received within a day or two after the original was filed with the State Department of Education. We do not understand that there is any serious claim that this would amount to a jurisdictional defect. It also appears that the provisions of the statute with reference to consolidation were substantially complied with. On September 27, 1961, the Norman County auditor sent a letter to the commissioner of education notifying him of the hearing scheduled for October 18, 1961. A copy of the plat for consolidation and supporting statement were sent to the Norman County auditor by the Polk County superintendent of schools by certified mail; and the return receipt therefor was received by the Polk County superintendent on September 27, 1961. The auditor notified the county board of his receipt of these items at its meeting on October 3, 1961.[1]

On October 13, 1961, the commissioner of education approved the plat for consolidation of Common School Districts Nos. 1317 and 1318 with the Climax District. On the same day a letter of approval of said plat was mailed to the county auditor of Norman County. Consolidation was subsequently approved by an election in Districts Nos. 1317 and 1318 by a vote of 157 to 39.

On November 16, 1961, Independent School District No. 592, the Climax District, and others appealed from the orders of the Norman County board to the district court. The appeal was taken by a single notice of appeal from all of the orders, which notice was served upon

---

[1]On October 4, 1961, notice of hearing on the 39 petitions was published. On the same day a plat for consolidation of Districts Nos. 1317 and 1318 with the Halstad District was filed with the commissioner of education. This plat is not involved in this case.

the county auditor of Norman County. The Halstad District, appellant here, intervened as a respondent.

On December 27, 1962, the district court entered an order for summary judgment vacating 31 of the orders of the Norman County board. The other 8 orders of the county board, disposing of land in District No. 1317, were not included in the order of the district court since the petitioners affected by those 8 orders were not named in the notice of appeal. The matter came before the district court on cross motions for summary judgment. The trial court granted the motions in favor of the Climax District, vacating the action by the board of county commissioners on the theory that the pending consolidation proceedings made such action by the board invalid.

Serious jurisdictional defects have been raised by the opposing parties which relate both to the validity of the appeal to the district court from the orders of the board of county commissioners and the appeal to this court from the judgment of the district court. We pass the objections of the opposing parties without comment so as to reach the merits of the case and thus obviate doubtful precedent and the real possibility of interminable litigation and expense. The nature and exigencies of the community dispute involved require this practical disposition.

The issue as stated by the appellant in its brief is this: "Proceedings relating to detachment and annexation of lands commenced prior to proposed consolidation proceedings are entitled to be terminated or accomplished before the same controverted land becomes subject to consolidation or any other proceeding." It is the contention of the appellant that the first public procedural step was taken in the detachment and annexation proceedings; that the first public procedural step in the consolidation proceedings occurred subsequent thereto; and that consequently the county board was justified in making the orders because the detachment and annexation proceedings took precedence.

■ The general rule governing competing proceedings for disposition of land, whether between municipalities or school districts, is that the proceeding which is started first has priority; and the bodies carrying on that proceeding retain jurisdiction until that proceeding is com-

plete, one way or another. In the meantime, a later proceeding is of no effect, even if completed first. In re Incorporation of Village of St. Francis, 208 Wis. 431, 243 N. W. 315; Birmingham School Dist. v. School Dist. No. 2, 318 Mich. 363, 28 N. W. (2d) 265; People ex rel. Hathorne v. Morrow, 181 Ill. 315, 54 N. E. 839; State ex rel. Crewdson v. Smith, 331 Mo. 211, 53 S. W. (2d) 271; State ex rel. Binz v. City of San Antonio (Tex. Civ. App.) 147 S. W. (2d) 551; 2 McQuillin, Municipal Corporations (3 ed.) § 7.28.

The rule that the proceeding in which the first valid procedural step is taken retains priority over any other proceeding has been adopted in this state to regulate competing efforts of municipalities to incorporate or annex the same territory. State ex rel. Harrier v. Village of Spring Lake Park, 245 Minn. 302, 71 N. W. (2d) 812; State ex rel. Village of Orono v. Village of Long Lake, 247 Minn. 264, 77 N. W. (2d) 46.

The rule has also been applied in this state to school district alterations. In State ex rel. Helling v. Independent Consol. School Dist. No. 160, 253 Minn. 271, 286, 92 N. W. (2d) 70, 80, this court said:

"* * * In order to avoid utter chaos, some rule of priority must exist. In adopting the rule we have applied in municipal affairs, one proceeding may be permitted to proceed to completion before another can be commenced."

However, we further pointed out in a footnote (253 Minn. 287, 92 N. W. [2d] 81): "The statutory proceedings involved in this case have been largely superseded by the passage of L. 1957, c. 947." This brings us to the principle which controlled the trial court's determination. It was his view that because of the express provisions of the applicable statutes, the general rule above stated did not apply.

■ Under the present provisions dealing with alteration of school districts, proceedings for consolidation must prevail over other proceedings, regardless of which was initiated first, at least after the consolidation plat has been approved by the commissioner of education. The relevant provisions are as follows:

§ 122.21, subd. 4. "Within six months of the time when the peti-

tion [for detachment and annexation] was filed, the county board shall issue its order either granting or denying the petition, unless all or part of the land area described in the petition is included in a plat for consolidation which has been approved by the commissioner in which event, no order may be issued while consolidation proceedings are pending. * * *"

§ 122.21, subd. 5. "Upon receipt by the commissioner of the order, he shall forthwith modify his records and any plats and petitions and proceedings involving districts affected by such order presently before him for action or record, to conform to the order."

§ 122.23, subd. 5. "Upon receipt of a plat [for consolidation] and the supporting statement, each auditor shall immediately notify his respective county board. After such notification, and during the pendency of proceedings under the plat and supporting statement or for a period of six months, whichever is shorter, no action may be taken by the county board under any other law to modify the boundary of any district if any part of the district is included in an area proposed for consolidation."

The trial court in a helpful memorandum pointed out that a general rule may not be used to create an ambiguity in a statute where none exists. It also said:

"* * * It is provided, definitely, by M. S. A. § 122.21 Subd. 4 that detachment and annexation proceedings before a county board must defer to pending consolidation proceedings wherein the commissioner has approved the plat, regardless of the time of the first public procedural step in either of the proceedings. Likewise, it is definitely provided by M. S. A. § 122.23 Subd. 5 that irrespective of the time when commenced, consolidation proceedings, after the plat has been filed with the County Auditor and the board notified, takes precedence during the pendency of the proceedings or for a period of six months, whichever is shorter, over proceedings before a county board to modify the boundary of any district included in the area proposed for consolidation."

We agree with the trial court that when the provisions of the stat-

utes (§ 122.21, subd. 4, and § 122.23, subd. 5) are construed together, it is apparent that the legislature intended that consolidation proceedings should take precedence over annexation proceedings pending before the county commission, at least where valid consolidation proceedings are instituted prior to the time action is taken by the county board on petitions for annexation. Under the facts in this case, the county board had official notice of receipt of the plat filed in the consolidation proceedings on October 3, 1961, which plat was approved by the commissioner on October 13, 1961. Accordingly, its orders made subsequently on October 19, 1961, were invalid both under the provisions of § 122.21, subd. 4, and § 122.23, subd. 5.

It may well be true, as the appellant argues, that conflicts may arise in the application of procedures provided for in these statutes. It calls attention to the recommendations of the State Advisory Commission on School Reorganization contained in its report to the legislature in January 1961 that certain clarifications in the law should be made under circumstances where the same territory is involved in more than one procedure at the same time. It is not necessary for us to extend this opinion by speculating as to the possible application of the statutes to hypothetical situations. It is sufficient to say that under the facts in this case the proceedings for consolidation effectively invalidated annexation proceedings pending before the board of county commissioners.

Affirmed.

### ON PETITION FOR REHEARING.

On April 3, 1964, the following opinion was filed:

PER CURIAM.

Appellant and some of the respondents have petitioned for a rehearing, vigorously complaining of the court's failure to adequately pass upon the jurisdictional question involving the adequacy of the notice of appeal from the orders of the county board of commissioners to the district court. The appeal was taken pursuant to Minn. St. 127.25, which so far as applicable here provides:

"Subdivision 1. Any district or any person aggrieved by final order

of the county board or final order of the commissioner, or final order of the county superintendent, made pursuant to the provisions of this code, may appeal from such final order to the district court * * *."

The single notice of appeal names 31 of the petitioners and recites that the "named appellants, and each of them, being aggrieved by each and every one of the above described orders, hereby appeal" on grounds substantially the same as those provided for in the statute.

It has been generally held in court actions that separate judgments, decrees, or orders cannot be brought up for appellate review by one appeal, the objection being that such a proceeding is duplicitous. 4 C. J. S., Appeal and Error, § 37b; Annotation, 36 A. L. R. (2d) 825. In considering this objection, the trial court said:

"I do not believe it was necessary for the appellants to serve a separate Notice of Appeal for each of the orders. While separate petitions are filed in detachment and annexation proceedings, the petitions must be considered together because of the special statutory definition given to the term 'lands adjoining a school district' and the petitions are combined for the purposes of hearing as well as for purposes of giving notice of hearing. See M.S.A. § 122.21 Subd. 3. I have no doubt that the county board could well make a combined order on all the petitions. I see no particular objections to the giving of one Notice of Appeal from a group of orders."

There is authority to the effect that the rule against duplicity is a variable one of practice, "which is not to be extended beyond the purpose of its origin"; and a single appeal may be sustained where the duplicity "does not interfere with orderly appellate procedure, the rights of the appellee are in no way prejudiced or adversely affected, or the several judgments or orders relate to the same matter and are not so foreign to each other that their combination in the same proceeding will cause confusion." 4 C. J. S., Appeal and Error, § 37b.

The rationale above stated is persuasive here. The 39 petitions were heard together as one matter, in one proceeding. As the district court pointed out, it was necessary to consider the petitions in one proceeding because of the statutory definition of land "adjoining a school dis-

trict" in Minn. St. 122.21, subd. 1. Many of the petitions concerned land which did not directly adjoin the Halstad District and which could be considered for annexation to that district only because of the petitions concerning the intervening land, as provided in § 122.21, subd. 1(c). The validity of the 39 orders turns upon one issue. There was no conflict of interest among the various petitioners in the appeal to the district court or the appeal to this court. For all practical purposes, the matter was heard as a consolidated proceeding by the board of county commissioners.

Moreover, authority for sustaining the validity of the appeal may be found in § 605.05, as amended by L. 1963, c. 806, § 5, which provides as follows:

"Subdivision 1. The supreme court upon an appeal may reverse, affirm, or modify the judgment or order appealed from, *or take any other action as the interests of justice may require.*

"Subd. 2. On appeal from an order the supreme court may review any order affecting the order from which the appeal is taken and on appeal from a judgment may review any order involving the merits or affecting the judgment. It may review any other matter as the interests of justice may require." (Italics supplied.)

Here, the determinative question was whether the county board had any authority to act after the consolidation proceeding had progressed to the point where it took precedence over the detachment proceeding. If the notice of appeal is good as to a single parcel, it is sufficient to vest the court with jurisdiction to pass upon that legal issue. Where, as here, the litigant can accomplish nothing but the creation of interminable litigation, which can end in nothing but the expenditure of public and private money with no hope of final victory for those who furnish the funds with which to carry on the fight, a determination of one appeal may be made so as to result in a decision of the entire case on its merits, and thus declare the law so that there may be an end to useless litigation. Annotation, 36 A. L. R. (2d) 852.

Inasmuch as the consolidation proceeding involved here takes precedence over the detachment proceeding, it must follow that the county board had no authority to act and that all orders it made are a com-

plete nullity. The orders of the county board, being a nullity, may be collaterally attacked or entirely ignored. The county board in matters of this kind has only that authority which is given to it by the legislature, and here it had no authority to act after the consolidation proceeding had taken precedence over the detachment proceeding.

The petition for a rehearing is denied.