COMMON SCHOOL DISTRICT NO. 2667, WRIGHT COUNTY,
AND ANOTHER v. INEZ E. ANDERSON AND ANOTHER.

142 N. W. (2d) 269.

April 1, 1966—No. 39,935.

*Robert Bakke,* for appellant.

*D. O. Comer* and *D. W. Hassenstab,* for respondent.

THOMAS GALLAGHER, JUSTICE.

In this action plaintiffs, Common School District No. 2667 of Wright County and a member of its board, challenge the validity of certain school consolidation proceedings taken by defendant Independent School District No. 878 of Cokato pursuant to Minn. St. 122.23,[1] under which District No. 2667 becomes consolidated with several other common school districts into Independent School District No. 878 of Cokato. Plaintiffs' complaint alleged that the consolidation proceedings were defective because prior to their commencement District No. 2667 had filed a petition for dissolution under Minn. St. 122.22[2] which had not been acted upon at the time the consolidation petition was filed.

---

[1] Minn. St. 122.23 encompasses proceedings with respect to consolidation of school districts. Subd. 3 thereof provides in part: "A supporting statement to accompany the plat shall be prepared by the county superintendent. The statement shall contain:

\* \* \* \* \*

"(c) The reasons for the proposed consolidation, 'including a statement that at the time the plat is submitted to the commissioner of education, no proceedings are pending to dissolve any district involved in the plat unless all of the district to be dissolved and all of each district to which attachment is proposed is included in the plat.' "

Subd. 5 of this section provides: "Upon receipt of a plat and the supporting statement, each auditor shall immediately notify his respective county board. After such notification, and during the pendency of proceedings under the plat and supporting statement or for a period of six months, whichever is shorter, no action may be taken by the county board under any other law to modify the boundary of any district if any part of the district is included in an area proposed for consolidation."

[2] Minn. St. 122.22 provides in part: "Subdivision 1. Any district, whether part of an associated district or not, may be dissolved and the territory be attached to other districts or become unorganized territory by proceeding in accordance with this section.

"Subd. 2. Proceedings under this section may be instituted by:

"(a) Resolution of the county board of the county containing the greatest land area of the district proposed for dissolution when such district has held

The present appeal is from a judgment of the District Court of Wright County dated February 18, 1965, vacating a temporary restraining order and dismissing plaintiffs' complaint on the ground that it failed to state a cause of action. Pending this appeal, the consolidation election was held under Minn. St. 122.23[3] and established that the districts involved favored consolidation by a vote of 117 to 64. Likewise, pending this appeal, plaintiffs' petition for dissolution of District No. 2667, filed prior

---

no school within the district for two years and has made no provision for the education of its pupils for two years or when any district has had no children of school age for a period of five years.

"(b) Petition executed by a majority of the resident freeholders of the district proposed for dissolution addressed to the county board of the county containing the greatest land area of the district.

\* \* \* \* \*

"Subd. 7. No order dissolving a district may be issued by the county board if the district to be dissolved is included in a plat for consolidation which has been approved by the commissioner and upon which plat final action has not been taken unless all of the district to be dissolved and all of the district or districts to which attachment is proposed are included in the approved plat."

[3] Minn. St. 122.23, subd. 6, provides: "The commissioner shall, upon receipt of a plat, forthwith examine it and approve, modify or reject it. He shall endorse thereon his reasons for his actions and within 60 days of the date of the receipt of the plat, he shall return it to the county superintendent who submitted it. He shall furnish a copy of that plat, and the supporting statement and his endorsement to the auditor of each county containing any land area of the proposed new district. If land area of a particular county was included in the plat, as submitted by the county superintendent, and all of such land area is excluded in the plat as modified and approved, the commissioner shall also furnish a copy of the modified plat, supporting statement, and his endorsement to the auditor of such county."

Subd. 10 of this section provides in part: "A petition calling upon the county superintendent to call and conduct an election on the question of adoption or rejection of the plat may be circulated in such land area by any person residing in such areas. Upon the filing of such petition with the county superintendent, executed by at least 25 percent of the resident freeholders in each district or part of a district contained in such land area, the county superintendent shall forthwith call and conduct a special election of the electors resident in the whole land area on the question of adoption of the plat."

to the commencement of the consolidation proceedings, was granted by the Wright County Board of Commissioners.

The facts are as follows: Commencing early in 1963 the Board of Education of Independent School District No. 878 of Cokato determined that it would be for the best interests of all persons relying upon its primary or secondary educational facilities that the common school districts in the Cokato area be consolidated. On February 7, 1963, at an open meeting attended by members of the districts proposed for consolidation, the objectives of the consolidation proceedings were explained. On June 13, 1963, at a regular meeting, the board of District No. 878 adopted a resolution requesting consolidation of 14 adjacent common school districts and directing defendant Inez E. Anderson, superintendent of schools of Wright County, to prepare and submit to the commissioner of education a consolidation plat. Before this was done, at the suggestion of a common school district, a new plat was proposed by resolution of the board of District No. 878 which provided for the consolidation of 17 districts. This plan was later abandoned when it was found impossible to procure the required petitions from 3 of the districts to be included. On November 14, 1963, a resolution was passed by the board of District No. 878 directing the county superintendent to prepare and submit a plat for its consolidation with 3 other common school districts, including plaintiff Common School District No. 2667.

On December 3, 1963, plaintiff Common School District No. 2667 and Common School District No. 2709 filed with the board of county commissioners petitions calling for the dissolution of District No. 2667 and No. 2709. The date for hearing on these petitions was fixed by the board of county commissioners for January 9, 1964, but on that date the hearing was continued to February 4, 1964.

Before the plat for consolidation of 13 common school districts was prepared and submitted to the commissioner of education, the county superintendent of schools was advised by Mr. Robert Bakke, counsel for plaintiffs herein, that he represented District No. 2697, included in the consolidation plat, and that he desired the consolidation proceedings to be delayed until an opinion of the attorney general had been received with respect to the validity thereof, particularly in view of § 122.23,

subd. 3(c), which provides that any petition for proposed consolidation shall set forth "[*t*]*he reasons for the proposed consolidation, 'including a statement that at the time the plat is submitted to the commissioner of education, no proceedings are pending to dissolve any district involved in the plat* * * *.'*" (Italics supplied.)

On January 8, 1964, in a letter to the county attorney of Wright County, the attorney general expressed his opinion on this claim as follows:

" 'The plat proposed by the resolution of such School Board will include, among other areas, the areas of the three districts [seeking dissolution] above referred to * * *.

" 'In Section 122.23, Subdivision 3(c), it provides that the superintendent shall submit a supporting statement * * *

" '* * * "including a statement that at the time the plat is submitted to the commissioner of education, no proceedings are pending to dissolve any district involved in the plat unless all of the district to be dissolved and all of each district to which attachment is proposed is included in the plat."

" 'The County Superintendent cannot include a statement as so provided. The reason, of course, is that such a statement would not be true.'

* * * * *

"Questions:

" '(A) Is the County Superintendent required by law (that is, is it mandatory) to complete such a plat and forward it to the Commissioner of Education, reciting the actual facts in lieu of making the precise statement referred to by Section 122.23, Subdivision 3(c)?'

* * * * *

"Opinion
* * * * *

"(A) In our opinion the aforesaid statutory provisions make it a mandatory requirement for the county superintendent to prepare the plat and forward the plat to the commissioner of education, reciting therein, in the supporting narrative statement, the facts prescribed in Subd. 3. As to the facts required by Subd. 2(c), *the actual facts should be stated* of the pendency of the petitions before the Wright County

Board of Commissioners for the dissolution of the particular common school districts." (Italics supplied.)

On February 3, 1964, following this opinion, the superintendent of schools forwarded to the commissioner of education the plat for proposed consolidation. With respect to the dissolution proceedings still pending, the petition stated:

"There are at the present time dissolutions pending before the Wright County Board of County Commissioners in districts Nos. 2667, 2709, and 2697. In the petitions for dissolution parts of each one of these districts, 2667, 2709, and 2697, are requesting to be attached to districts not included in the plat. We are enclosing certified copies from the office of the Wright County Auditor describing these proceedings as of this date, February 3, 1964."

On February 24, 1964, the commissioner of education approved the plat submitted with modifications, and on that date mailed to the superintendent of schools of Wright County a copy of the modified plat with his approval and directed her to proceed with the election pursuant to § 122.23. The election was set for March 30, 1964, but on March 25, 1964, plaintiffs instituted the present action. At the outset plaintiffs obtained the order temporarily restraining defendants from proceeding with the consolidation proceedings. On April 13, 1964, defendants moved for an order vacating the temporary restraining order and for summary judgment on the grounds that the complaint failed to state a cause of action. This motion was granted on June 15, 1964. In a memorandum attached to the order for summary judgment, the court stated:

"* * * With respect to M. S. A. Section 122.21 (Detachment and Annexation) Subd. 4; and with respect to 122.22 (Dissolution and Attachment) Subd. 7; as well as Section 122.23, Subd. 5, there is a rather clear expression of legislative intent to give the right-of-way to consolidation proceedings even though commenced subsequent to any other proceedings for modification of district boundaries. * * *

"It is clear under Section 122.23 Subd. 2 in consolidation proceedings that the County Superintendent of Schools is required to submit a plat, but the area proposed for consolidation is merely an approximate area

and the boundaries of the proposed district are to be determined by the County Superintendent. In the instant matter before this Court, for mere technical compliance with Section 122.23 Subd. 3(c) the County Superintendent could have omitted plaintiff Common School District No. 2667 from her plat and in her supporting statement recommended to the Commissioner the inclusion thereof under his power to modify the plat. The Commissioner's power to modify the plat is not restricted. However, it would appear that whether the County Superintendent recommended inclusion or not, the Commissioner would have had the power to do so. If this be so, then compliance with Section 122.23, Subd. 3(c) cannot be held to be jurisdictional."

We are in accord with the viewpoint expressed by the trial court and approve its determination. Minn. St. 122.23, subd. 5, clearly carries the legislative instruction that during the pendency of proceedings for consolidation or for 6 months "no action may be taken by the county board under any other law to modify the boundary of any district if any part of the district is included in an area proposed for consolidation." If at the time the petition for consolidation proceedings is filed a prior petition for dissolution, such as in the instant case, has not been acted upon, clearly no action can thereafter be taken on the petition by the county board if the effect would be to modify the boundaries of any district in the area proposed for consolidation.

In Common School Dist. No. 1317 v. Board of County Commrs. 267 Minn. 372, 376, 127 N. W. (2d) 528, 532, which involved construction of Minn. St. 122.21, we stated:

"Under the present provisions dealing with alteration of school districts, proceedings for consolidation must prevail over other proceedings, regardless of which was initiated first, at least after the consolidation plat has been approved by the commissioner of education. * * *

* * * * *

"We agree with the trial court that when the provisions of the statutes (§ 122.21, subd. 4, and § 122.23, subd. 5) are construed together, it is apparent that the legislature intended that consolidation proceedings should take precedence over annexation proceedings pending before the county commission, at least where valid consolidation proceedings are

instituted prior to the time action is taken by the county board on petitions for annexation. Under the facts in this case, the county board had official notice of receipt of the plat filed in the consolidation proceedings on October 3, 1961, which plat was approved by the commissioner on October 13, 1961. Accordingly, its orders made subsequently on October 19, 1961, were invalid both under the provisions of § 122.21, subd. 4, and § 122.23, subd. 5."

Likewise in § 122.22, subd. 7, there is manifested a legislative intent that consolidation proceedings be given preference in that no order dissolving a district may be issued by the county board if the district to be dissolved is included in a consolidation plat which has been approved by the commissioner of education, even though final action has not been taken on the plat.

Again, in § 122.21 we find language clearly expressing a similar intent that consolidation proceedings be given preference in that the county board is directed not to issue its order granting or denying a detachment or annexation petition if all or part of the land described therein is included in a plat for consolidation and such consolidation proceedings are still pending.

In a comment by the legislative commission with respect to these statutes it is stated (Report of the Education Laws Commission 1957, p. 15):

"This subdivision [§ 122.22, subd. 7] is to prevent a dissolution proceeding from interfering with a consolidation proceeding affecting the same land or the same districts. For an intelligent approach to problems of school district alteration and to allow a reasonable decision to be made on issues involving school district alteration, it is considered desirable that the deciding authority have knowledge as to the boundaries of the district involved. This section is an attempt to stabilize the boundaries of a district while proceedings to consolidate are pending."

Based upon the statutes and our decision in Common School Dist. No. 1317 v. Board of County Commrs. 267 Minn. 372, 127 N. W. (2d) 528, we have no choice but to affirm the judgment appealed from.

Affirmed.