## INDEPENDENT SCHOOL DISTRICT NO. 438 AND ANOTHER v. CLIFFORD E. ENGELSTAD AND OTHERS.

**150 N. W. (2d) 563.**

May 5, 1967—Nos. 40,352, 40,353.

*James E. Knutson, Peter S. Popovich,* and *Peterson & Popovich,* for appellant.

*Swenson & Grover,* for respondent District 438.

*Lawrence A. Anderson* and *Olson, Kief & Kalar,* for respondent District 35.

MURPHY, JUSTICE.

Appeals from judgments of the district court holding that consolidation proceedings take precedence over detachment and annexation proceedings in connection with the alteration of school district boundaries. Appellant contends that detachment and annexation proceedings must take precedence under circumstances where the Board of County Commissioners act thereon prior to the time consolidation proceedings are approved by the commissioner of education.

The school districts involved in this case are appellant, Middle River School District (Independent School District No. 440, hereinafter referred to as Middle River), Gatzke School District (Independent School District No. 438, hereinafter referred to as Gatzke), Skime School District (Independent School District No. 685, hereinafter referred to as Skime), and Grygla School District (Independent School District No. 35, hereinafter referred to as Grygla). It appears from the record that the land in these districts is located in Marshall, Roseau, and Beltrami Counties.

The record would indicate that Middle River was aware of the proposed consolidation of areas within the other districts and that, in an attempt to forestall the consolidation, it acted first, starting annexation proceedings to acquire a part of the Gatzke district contiguous to it. Prior to May 5, 1964, 52 petitions for detachment and annexation were filed with the Marshall County auditor. Hearing on the petitions was set by the Marshall County Board of Commissioners for June 2, 1964, and on that date the board granted 46 of the said petitions and ordered detachment and annexation. This proceeding was

instituted pursuant to Minn. St. 122.21, relating to detachment and annexation of land in alteration of school districts, subd. 4 of which provides in part:

"Within six months of the time when the petition was filed, the county board shall issue its order either granting or denying the petition, unless all or part of the land area described in the petition is included in a plat for consolidation which has been approved by the commissioner in which event, no order may be issued while consolidation proceedings are pending."

The competing consolidation proceedings were instituted pursuant to § 122.23, subd. 5 of which provides:

"Upon receipt of a plat and the supporting statement, each auditor shall immediately notify his respective county board. After such notification, and during the pendency of proceedings under the plat and supporting statement or for a period of six months, whichever is shorter, no action may be taken by the county board under any other law to modify the boundary of any district if any part of the district is included in an area proposed for consolidation."

In the consolidation proceedings the Beltrami County superintendent of schools sent a plat and supporting statement to the commissioner of education. On May 28, 1964, the commissioner of education sent a letter acknowledging receipt of the plat and supporting statement to the superintendent of schools and sent a copy of his letter and copies of the plat and supporting statement to the auditors of Marshall, Roseau, and Beltrami Counties. This material was received by the auditor of Marshall County on May 30, 1964, and on June 1, 1964, he notified the chairman of the Marshall County Board of Commissioners that the plat and supporting statement had been received. The following day, the day on which the board acted upon the petitions for annexation and detachment, the auditor of Marshall County laid a copy of the plat and supporting statement on the table before the Marshall County Board of Commissioners at its meeting. As we have already indicated, the board proceeded nevertheless to grant 46 of the petitions and ordered detachment and annexation.

■ In Common School Dist. No. 1317 v. Board of County Commrs. 267 Minn. 372, 127 N. W. (2d) 528, in discussing which of the two proceedings take priority we said that when § 122.21, subd. 4, and § 122.23, subd. 5, are construed together, it is apparent that the legislature intended that consolidation proceedings should take precedence over annexation proceedings pending before the county commissioners, at least where valid consolidation proceedings are instituted prior to the time action is taken by the board on the petition for annexation. Appellant points out that in that case the commissioner of education approved the consolidation proceedings prior to the time the annexation proceedings were acted upon by the Board of County Commissioners. It emphasizes that in the case before us the commissioner of education did not approve the plat for consolidation until June 26, some time after the purported annexation proceedings were completed. We cannot agree that the distinction pointed out requires a different result. The controlling fact is that, at the time the board acted, it had notice that the consolidation proceedings were pending. In the Dist. No. 1317 case we quoted with approval the following statement from the trial court's memorandum (267 Minn. 377, 127 N. W. [2d] 532):

"* * * It is provided, definitely, by M. S. A. § 122.21 Subd. 4 that detachment and annexation proceedings before a county board must defer to pending consolidation proceedings wherein the commissioner has approved the plat, regardless of the time of the first public procedural step in either of the proceedings. Likewise, it is definitely provided by M. S. A. § 122.23 Subd. 5 that irrespective of the time when commenced, consolidation proceedings, after the plat has been filed with the County Auditor and the board notified, takes precedence during the pendency of the proceedings or for a period of six months, whichever is shorter, over proceedings before a county board to modify the boundary of any district included in the area proposed for consolidation." [1]

---

[1] This interpretation is in accord with the views of the Education Laws Commission to the effect that priority of consolidation proceedings is favored. Comment in Report of Education Laws Commission to the 1957 Legislature, 10 M. S. A. p. 192: "Subd. 5: This again is new material in the nature of a

Since under the facts in this case the consolidation plat was filed with the county auditor and the county board was notified of the filing prior to granting the petitions for detachment and annexation, consolidation proceedings must be given precedence regardless of the time they were commenced. This conclusion is further supported by Common School Dist. No. 2667 v. Anderson, 273 Minn. 462, 467, 142 N. W. (2d) 269, 273, where we approved of the trial court's statement that it was the "legislative intent to give the right-of-way to consolidation proceedings even though commenced subsequent to any other proceedings for modification of district boundaries."

■ The remaining contention of appellant that Grygla is not an aggrieved party which may appeal an order of detachment and annexation under authority of § 127.25, subd. 1,[2] may be disposed of by ob-

procedural limitation designed to preserve boundaries during pendency of an alteration proceeding.

"The auditor is required, under Subdivision 5, to notify the county board of the filing of the petition so that the county board will not take any action with reference to the boundaries of the districts proposed for the consolidation until the termination of the consolidation proceedings. This problem was raised by witnesses before the commission with regard to the idea that while a petition for consolidation was pending before the commissioner of education for his approval, modification or rejection, the county board would change the boundaries of the districts in the petition and that when the commissioner acted, he would not be acting upon the same petition as was originally filed. Subdivision 6 [sic] is an attempt to stay proceedings affecting the boundaries of districts involved in a proposed consolidation. The commission considered the concomitant evil of allowing other proceedings to be stayed by the mere filing of a petition or a resolution. The commissioners felt that the 20 per cent freeholder requirement and the resolution of the board requirement were sufficient protection against arbitrary, unreasonable, and unwarranted petitions for consolidation being filed solely to prevent the county board from having jurisdiction over a petition to alter the boundaries of a district under dissolution and annexation sections or the detachment and annexation sections of the law."

[2] Minn. St. 127.25, subd. 1, provides: "Any district or any person aggrieved by final order of the county board or final order of the commissioner, or final order of the county superintendent, made pursuant to the provisions of this code, may appeal from such final order to the district court * * *."

serving that where a county board orders certain lands detached from a proposed consolidated area after the county auditor has notified the board of the filing of a consolidation plat, the priority created by § 122.23, subd. 5, is directly invaded. The detachment and annexation order under these circumstances is adverse to all school districts located within the proposed consolidated area. Accordingly, Grygla is an aggrieved party within the meaning of § 127.25, subd. 1.

Affirmed.