## Mt. Lebanon Township Appeal.

Argued January 11, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and GUNTHER, JJ. (ROSS, J., absent).

*Mahlon E. Lewis,* with him *Walter O. Howarth,* for appellant.

*W. Denning Stewart,* with him *Albert W. Sloan,* for appellee.

OPINION BY GUNTHER, J., April 17, 1951:

Dellwood Corporation, appellee, owner of a 68 acre tract of land situate in Mt. Lebanon Township, filed its petition seeking annexation of this tract of land to Scott Township, pursuant to the provisions of the Act

of June 19, 1939, P. L. 430, 53 PS §19092-312. Both townships are townships of the first class. An answer was filed by Mt. Lebanon Township, appellant, praying that the annexation petition be dismissed on the ground that the statutory requirements of contiguity of the 68 acre tract were lacking and that the tract was in an indeterminate status by virtue of the pendency of another annexation proceeding (274 June Sessions, 1949) wherein a 324 acre tract in Scott Township was sought to be annexed to Mt. Lebanon Township. It was alleged that the latter annexation, if decreed, would destroy the required contiguity to Scott Township for the reason that the 68 acre tract would be totally surrounded by Mt. Lebanon Township. On February 21, 1950 the court below entered the order of annexation now appealed from. On that date the annexation proceedings involving the 324 acre tract had not been disposed of by the court below.[1] Mt. Lebanon Township has taken this appeal from the annexation order of February 21, 1950.

The present annexation petition was filed in accordance with the Act of 1939, supra. Section 3 of that Act provides, so far as here pertinent, that ". . . If the court is satisfied that the requirements of the law have been complied with, it *shall* make an order altering the boundary lines of such first class township by taking from such first class township the lands described in the petition and adding same to such contiguous city of the second class, borough, or other contiguous first class township." It is conceded that appellee has fully and completely complied with the requirements of the Act of 1939, supra.

---

[1] On March 3, 1950 the court below entered an order dismissing the annexation petition relating to the 324 acre tract of land. On appeal to this Court at No. 161 April Term, 1950 that order was reversed and the matter remanded for further proceedings, so that no final order has, as yet, been entered.

The tract here involved is, in fact, contiguous as the statute requires and does not, as appellant contends, have an indeterminate status by virtue of the mere pendency of another annexation proceeding. The tract has a definite legal status which is unchanged by the other proceeding. The status of a boundary line in an annexation proceeding remains unchanged and is unaffected by the mere pendency of another proceeding and remains unchanged until a final order of court: Cf. *Swissvale Borough,* 64 Pa. Superior Ct. 63.

All statutory requirements having been complied with, the court below had no alternative but to enter the present order of annexation. Section 3 of the Act of 1939, supra, provides that the court "shall" enter an order of annexation after being satisfied that all statutory requirements have been complied with. Cf. *Porter Township Annexation,* 75 Pa. Superior Ct. 543.

There is no merit to appellant's complaint that the court below abused its discretion in refusing to suspend action on the present annexation petition until a final order had been entered in the pending annexation proceeding involving the 324 acre tract. The Act of 1939, supra, makes no provisions for suspending proceedings pending disposition of other proceedings. Moreover, there is no connection between the two proceedings. The parties, properties and issues are wholly different and unrelated. Being separate and independent proceedings the court below did not err in refusing to suspend disposition of the present matter.

Order affirmed.