VILLAGE OF FARMINGTON v. MINNESOTA MUNICIPAL COMMISSION.
BEVERLY B. NEILAN AND OTHERS v. SAME.
DOROTHY J. GROTHE AND OTHERS v. SAME.

170 N. W. (2d) 197.

July 11, 1969—Nos. 41344, 41345, 41346, 41347.

*John J. McBrien, McMenomy, Hertogs & Fluegel,* and *Edward B. McMenomy,* for appellants.

*Grannis & Grannis, Vance B. Grannis, Jr., David L. Grannis, Jr.,* and *Patrick A. Farrell,* for respondents.

ROGOSHESKE, JUSTICE.

This appeal requires us to review orders of the District Court of Dakota County (1) affirming findings of fact, conclusions of law, and an order of the Minnesota Municipal Commission granting a petition to consolidate Lakeville township with the village of Lakeville; and (2) affirming the commission's statutory denial of a petition to annex 195 acres of the township to the adjoining village of Farmington.

On April 13, 1965, a majority of landowners by number and area filed a petition pursuant to Minn. St. c. 414,[1] which created the Minnesota Municipal Commission, to have 195 acres of unplatted and unincorporated land in Lakeville township annexed to the village of Farmington. Both the village of Farmington and the township of Lakeville are located in Dakota County, which is generally regarded as a part of the Twin City metropolitan area. Farmington, which then had a population of about 2,500, is located in Empire township, which lies immediately to

[1] Minn. St. 414.03, subd. 2, provides in part: "If the land is platted or, if unplatted, does not exceed 200 acres, the owner or a majority of the owners in number may petition the governing body of the municipality to have such land included within the municipality and shall file copies of the petition with the commission, the town board and county board of the town and county in which all or any part of the land to be annexed is located, and the governing body of any other municipality whose boundaries abut upon the boundaries of the land to be annexed."

the east of Lakeville township. The corporate limits of Farmington encompass a little more than 1 square mile and are essentially coextensive with the boundaries of Section 31, the southwest corner section of Empire township. The 195-acre tract sought to be annexed is irregular in shape. It is located mainly in Section 25 and partly in Section 36, the southeast corner section of Lakeville township. It abuts the northwest corner of Farmington for one-fourth of a mile along the village's western limits and extends north for three-fourths of a mile. Its southern boundary extends west for one-half mile along Trunk Highway No. 50, a connecting highway between the village of Farmington and the village of Lakeville, which is located 4 miles to the west. This tract contains 13 parcels of land and has a population of 45. Seven landowners constitute a majority of landowners both by number and by area. Owners of eight parcels signed the original annexation petition. Included in the tract is a large natural gas pumping station located in the extreme southwest corner of the 195-acre tract, one-half mile west of the village limits of Farmington.

After the village council of Farmington set a date for public hearing on the petition to annex, objections were filed by Lakeville township and the village of Lakeville, thereby automatically transferring jurisdiction over the petition to the Minnesota Municipal Commission.[2] The commission, on June 28, 1965, after publishing proper notice,[3] convened a public hearing on the annexation petition. However, the hearing was continued to September 16 because the original annexation petition contained a typographical error in the description of a parcel of the prop-

---

[2] § 414.03, subd. 2, provides in part: "* * * Within 30 days thereafter, the town board, or the county board, or the governing body of the other municipality may submit written objections to the annexation to the commission and the municipality. Upon receipt of such objections, the municipality shall take no further action on the petition, and the commission shall proceed to hold a hearing and issue its order in accordance with the provisions of subdivisions 3 and 4 of this section."

[3] See, § 414.03, subd. 3.

erty to be annexed and because the terms of all members of the commission were to expire 2 days later on June 30, 1965.[4]

On July 2, 1965, a resolution and petition for consolidation of the village of Lakeville and the entire Lakeville township into a single new municipality, which included the 195 acres involved in the Farmington annexation petition, were filed with the commission pursuant to § 414.02, subd. 5(1).[5] The 48-square-mile area of Lakeville township, which includes the village of Lakeville, contains 30,720 acres, 144 of which comprise the village. At the time the consolidation petition was filed, the estimated populations of the township and the village were 3,208 and 982, respectively.

The hearing on the annexation petition was reconvened on September 16 and the amendment of the description was accepted. After a full day of testimony, the hearing was continued to November 4.

On October 21, the commission conducted a hearing on the Lakeville consolidation petition. An objection to this proceeding by Farmington on the ground that the commission had no jurisdiction to consider the consolidation petition until it had completed hearings and ruled on the annexation petition was overruled. After a full day of testimony, this hearing was also continued.

On the morning of November 4, the hearing on the annexation petition was reconvened at Farmington. This hearing was concluded before noon, and the hearing on the consolidation petition was reconvened in Lakeville after lunch. Counsel for Farmington, Lakeville township, and the village of Lakeville stipulated that the testimony and exhibits introduced in the hearings con-

---

[4]See, § 414.01, subd. 3.

[5]§ 414.02, subd. 5(1), provides in part: "On the receipt of a resolution passed by the governing body of a municipality and a petition of 100 freeholders residents of an abutting town indicating mutual desire to form a single new municipality the commission shall order hearings and make findings according to section 414.02."

ducted on each of the petitions would become part of the record in both proceedings. No further hearings were held on either petition.

Before the commission issued findings and a decision on the merits of the annexation petition, the village of Farmington, on July 23, 1966, appealed to the District Court of Dakota County pursuant to § 414.01, subd. 13,[6] alleging that the commission had failed to issue an order relative to the annexation petition within 1 year from June 28, 1965, the date set for the first hearing thereon. Farmington claimed that the commission's failure to act resulted in a statutory denial of the petition which was arbitrary, capricious, in unreasonable disregard of the best interests of the territory affected, and not based upon nor warranted by the evidence.

On October 20, 1966,[7] the commission issued findings of fact, conclusions of law, and an order consolidating Lakeville township and the village of Lakeville into a single new municipality. Separate appeals from this order were filed in the District Court of Dakota County pursuant to § 414.07 [8] by the village of Farm-

---

[6]§ 414.01, subd. 13, provides: "All orders of the commission as called for hereunder, whether in connection with annexation, merger, incorporation or detachment shall be issued within one year from the date of the first hearing thereon, provided that the time may be extended for a fixed additional period upon consent of all parties of record. Failure to so order shall be deemed to be a rejection of the same. An appeal may be had from such failure to so order in the same manner as an appeal from an order as provided in Minnesota Statutes 1961, Section 414.07."

[7]One day prior to one year from the date of the first hearing on the consolidation petition.

[8]§ 414.07 provides in part: "Any person aggrieved by any incorporation, annexation, detachment, or annexation-detachment order of the commission may appeal to the district court upon the following grounds:

"1. That the commission had no jurisdiction to act;

"2. That the commission exceeded its jurisdiction;

"3. That the order of the commission is arbitrary, fraudulent,

ington, by a majority of the freeholders of the 195 acres of land included in the Farmington annexation petition, and by other landowners in Lakeville township. These appeals were considered by the district court together with Farmington's appeal from the statutory denial of the annexation petition. The district court affirmed the consolidation order as being within the commission's statutory jurisdiction, not arbitrary nor capricious, supported by substantial evidence, and based upon a correct theory of law, and affirmed the statutory denial of the annexation petition as reasonable in the face of the evidence supporting consolidation.

All appellants below appealed separately from these orders pursuant to § 414.07,[9] and these appeals were consolidated for presentation to this court.

Appellants' contentions on this appeal can be summarized as follows: (1) That the commission had no jurisdiction to consider or act upon the consolidation petition before acting upon the annexation petition which was filed first; (2) that neither the commission's order consolidating the village and township of Lakeville nor its statutory rejection of Farmington's annexation petition was justified by the evidence; (3) that the district court erred in refusing to permit appellants to call members of the commission as witnesses to inquire into the theory of law pursued by them in reaching their decision; and (4) that the provisions of § 414.02 are unconstitutionally vague.

■ Appellants argue that the Minnesota Municipal Commission did not have jurisdiction either to consider or to act upon the consolidation petition until it had disposed of the annexation petition, since the latter was filed first. In support of that

capricious or oppressive or in unreasonable disregard of the best interests of the territory affected;

"4. That the order is based upon an erroneous theory of law."

[9]§ 414.07 provides in part: "An appeal lies from the district court to the supreme court in accordance with the provisions of Minnesota Statutes, Chapter 605."

position, they cite State ex rel. Harrier v. Village of Spring Lake Park, 245 Minn. 302, 71 N. W. (2d) 812. In that case, incorporation proceedings were begun relative to unincorporated land in Blaine township in Anoka County, and 20 days' notice of the incorporation election was given, as required by Minn. St. 1953, § 412.011, subd. 3. Shortly thereafter, the village council of Spring Lake Park, acting upon a petition, proceeded to annex a portion of the same land and gave the 10 days' notice of the annexation election required by Minn. St. 1953, § 412.041, subd. 5. The annexation election was held 1 day before the incorporation election, and both propositions were approved. Thus, after the elections, the land was ostensibly within two separate municipalities. This situation resulted from the existence of independent statutory procedures for incorporation and annexation which could be utilized simultaneously, with the ultimate decision in each being made by different groups of voters. In order to prevent such perverse results, we adopted a "first-in-time-first-in-right" rule, holding that the incorporation proceeding, which was commenced first, had priority over the annexation proceeding, which was commenced later even though completed first.

The entire complexion of the problem of municipal incorporations and annexations has, however, been changed by the enactment of c. 414[10] creating the Minnesota Municipal Commission as an independent administrative agency vested with broad powers to facilitate the orderly growth of Minnesota municipalities.[11] The commission has jurisdiction over both consolidation and annexation proceedings of the type involved in this case. Thus, unlike the situation which prevailed at the time of the Spring Lake Park case, the ultimate decision on both petitions can now be made by a single administrative agency. Since the factual and statutory basis necessary for the applica-

[10]See, generally, Note, 50 Minn. L. Rev. 911.

[11]Report of Comm. on Municipal Annexation and Consolidation 1959, p. 6.

tion of the "first-in-time-first-in-right" rule does not exist, it cannot be accepted as controlling in this case.

Moreover, c. 414 authorizes the chairman of the commission to consolidate "separate hearings in the interest of economy and expedience"[12] and vests in the commission broad powers to increase or decrease the area proposed for annexation.[13] These provisions contemplate that the commission will be confronted with conflicting petitions. It is clear therefore that the legislature necessarily intended to authorize simultaneous consideration of such petitions. Such authority not only is consistent with the legislative purpose and design of c. 414 when considered as a whole, but also appears necessary if the commission is to fulfill its intended role and function of aiding, advancing, and authoritatively controlling the orderly expansion of existing municipalities and the incorporation of new municipalities.

While no formal order consolidating the hearings on the petitions was made, as we believe would have been desirable and justified, it was stipulated that the evidence and exhibits submitted regarding each were to be considered by the commission as evidence pertaining to both. Even though appellants understandably insist upon separating the proceedings to support their argument on the issue of jurisdiction, it must be recognized that the petitions are conflicting and, as a practical matter, could not be considered by the commission without weighing the effect of one upon the other. We are unable to find any provision in c. 414 which supports appellants' argument, and accordingly we hold that the commission had jurisdiction to consider and act upon the petitions in any sequence it deemed appropriate to carry out its administrative function and the underlying purpose of c. 414.

■ In considering appellants' claims that the commission's failure to grant annexation and its order of consolidation are unjustified by the evidence and therefore arbitrary and

---

[12]§ 414.01, subd. 5.
[13]§ 414.03, subd. 4.

capricious, an understanding of the statutory provisions governing the proceedings under review is necessary.

The 1959 act creating the commission was intended to recodify and revise traditional procedural and substantive laws governing incorporation of new municipalities and changes in the boundaries of existing municipalities in Minnesota. It was designed to eliminate many of the difficulties which had arisen under prior statutes governing municipal incorporation and annexation by delegating to the commission, as a statewide administrative agency, broad powers to facilitate the orderly growth of Minnesota municipalities by ending the uncontrolled proliferation of small suburban municipalities in the metropolitan area and resolving the conflicting claims of existing municipalities seeking to enlarge their boundaries.[14] As c. 414 has been amended, new procedural and substantive standards are provided pursuant to which the commission is now empowered to hear and determine petitions for incorporation, annexation, consolidation, merger, and detachment. Petitions for annexation and consolidation requiring commission approval, such as are involved in this case, can only be approved by the commission after a public hearing conducted under the adversary system at which all proponents and opponents are permitted to present evidence. Orders approving such petitions are expressly required to be based upon specified standards and supported by findings of fact.

While the commission is given discretionary power to approve or reject annexation petitions, § 414.03, subd. 4, provides that after a hearing, when required under c. 414, "the commission *shall* approve if it finds that the property to be annexed is now, or is about to become, urban or suburban in character." (Italics supplied.) This same section sets forth as a "guide" to the commission in making its determination 10 "factors" concerning which it requires the commission to make findings. The

---

[14] See footnote 10, *supra.*

commission also has almost unlimited discretionary authority to alter the boundaries of the area to be annexed and to approve annexation of the area so altered. A denial of the petition is mandatory under § 414.03, subd. 4, if it is found that the primary motive for the annexation is to increase tax revenues and that such increase is not reasonably related to the benefits to be received by the annexed area.

Section 414.02, subd. 5, grants the commission similar, although more limited and less clearly expressed, powers with respect to proceedings for the consolidation of an existing municipality and all or part of an adjoining township. This provision was added to c. 414 by L. 1965, c. 899, § 11. By reference, consolidation proceedings are governed by the procedural and substantive standards applicable to proceedings to incorporate an entirely new municipality as set forth in § 414.02. While, as in annexation proceedings, the commission is mandated to order consolidation if it finds that the unincorporated area is now, or reasonably may be expected to become, urban or suburban in character, its authority to alter the boundaries of the area to be consolidated is restricted to increasing or decreasing the area so as to include only property which is now, or is about to become, urban or suburban in character. More important to this case is the statutory mandate requiring a denial of consolidation "if it appears that annexation to an adjoining municipality would better serve the interests of the area" sought to be incorporated by consolidation. § 414.02, subd. 3. As we interpret this provision, it manifests a strong legislative preference for annexation of unincorporated areas. Applied to this case, where all of the unincorporated area of Lakeville township was found by the commission to be or about to become urban or suburban in character, annexation of the area adjoining Farmington as proposed or as modified by the commission is to be preferred over consolidation with Lakeville.

The question thus arises as to the basis for the commission's approval of consolidation rather than annexation of the area ad-

joining Farmington. The many problems we have encountered in answering this question are in large part attributable to the procedural difficulties which resulted from the appeal taken by Farmington pursuant to § 414.01, subd. 13. As previously noted,[15] this section permits petitioners to regard a failure of the commission to reach a decision on the merits within 1 year after the first hearing as a rejection and to seek judicial review.[16] Clearly, this provision, added by the legislature in 1965, was intended to have no other purpose than to encourage the commission to act upon petitions with reasonable dispatch.[17] Unfortunately, the language used appears to invite an immediate appeal whenever the commission fails to act within 1 year. While such inaction amounts to a denial for purposes of an appeal, no findings or reasons for rejection accompany such a denial— making judicial review virtually impossible.[18] Further, as here, where mutually exclusive annexation and consolidation petitions are pending, the appeal to district court necessarily ousts the commission from jurisdiction to pass upon the merits of the petition involved in the appeal.[19] It may also cast doubt upon the authority of the commission to hear and determine the conflicting petition still pending before it.

Had the chairman of the commission ordered consolidated hearings of these petitions pursuant to § 414.01, subd. 5, the problem confronting us might not have arisen, for the commission could then have justifiably delayed its decision of the consolidation petition pending the outcome of the appeal. Following

---

[15]See footnote 6, *supra.*

[16]The issue of whether Farmington's appeal to the district court was premature is not presented on this appeal.

[17]Cf. Superior Oil Co. v. Foote, 214 Miss. 857, 59 So. (2d) 85, 844, 37 A. L. R. (2d) 415.

[18]See, Zylka v. City of Crystal, 283 Minn. 192, 167 N. W. (2d) 45.

[19]Thus, the commission was precluded from finding that the annexation petition was a tax grab of the gas plant, as Lakeville contended, and therefore denying the petition, as it would be required to by § 414.03, subd. 4.

Farmington's appeal, these procedural difficulties could have been avoided only if the commission, or indeed the petitioners, had sought a remand of the annexation petition to enable the commission to reach a decision on the merits based upon the statutory standards and supported by findings of fact. The commission, however, believing it was compelled by § 414.01, subd. 13, to issue its order in the consolidation proceeding within a year[20] or face another appeal from a statutory denial, proceeded to decide the consolidation petition on its merits with only a limited reference to the annexation proceedings.[21] This action might well have overcome the procedural problems had the commission, by its findings in the consolidation proceeding, complied with all of the substantive standards specified in § 414.02, subd. 3, governing such proceedings.

As noted, § 414.02, subd. 5, requires the commission, in passing upon a consolidation petition, to make findings according to the provisions of § 414.02, subd. 3, which governs incorporation proceedings. That section requires that "the commission *shall* approve the petition for incorporation if it finds that the property to be incorporated is now, or is about to become, urban or suburban in character." (Italics supplied.) The commission did specifically find that "[t]he entire area to be incorporated is or is about to become urban or suburban in character," and

---

[20]The findings were issued 1 day prior to 1 year following the first hearing.

[21]The commission stated: "The Commission takes note of the fact that at this time part of the area affected by this merger petition is now subject of an appeal in District Court, First Judicial District. However, the legislature has prescribed that all orders of the Commission shall be issued within one year from the date of the first hearing thereon provided that the time may be extended upon consent of all parties of record. Failure to so order shall be deemed a rejection. The Commission has been unable to obtain the aforementioned consent of the parties, and the aforesaid prescribed time is about to elapse. Accordingly, the Commission is hereby issuing this order subject to the jurisdiction of the District Court over the area currently under appeal."

this finding, although challenged, is adequately supported by the record. Having made this determination, the commission was precluded from altering the area sought to be incorporated by consolidation with the village of Lakeville and was compelled to approve consolidation unless "it appears that annexation to an adjoining municipality would better serve the interests of the area." § 414.02, subd. 3. This legislative policy preferring annexation of unincorporated lands expressly requires the commission to consider and make a specific finding upon the question of whether annexation to an adjoining municipality would better serve the interests of all or any part of the area involved in the consolidation petition than consolidation would. Indeed, such a finding is required even though a conflicting petition seeking annexation of any of the lands involved in the consolidation proceeding has not been filed. In the proceeding under review it is therefore inescapable that, since Farmington's appeal ousted the commission of jurisdiction over the annexation petition, and since the commission had no power to reduce the boundaries of the area involved in the consolidation petition, the commission would have been required to deny the consolidation petition in its entirety if it had found that the interests of the 195-acre tract, or any other portion of the area to be consolidated, would be better served by annexation to Farmington or any other existing municipality. The commission, in our opinion, made no specific finding on this issue. Instead, it found merely that—

"* * * It is the best interest of the public that the Town and Village be merged to form a new municipality so that municipal services to the residents in the Town and Village can be more efficiently and economically provided to the residents."

and that—

"The area proposed to be incorporated can best be served by one Village in the matter of community planning, installation of thoroughfares, street systems, sewer and water systems, fire

and police protection and other vital and necessary community services."

These findings are ambiguous. While they could be interpreted to mean that consolidation of all of Lakeville township with the village of Lakeville better serves the interests of the entire area involved than would annexation of any part of the township to Farmington, we hesitate upon this record to so construe these findings. Not only do they fall far short of the specific finding on the crucial issue comprehended by the statute, but the record contains substantial evidence that annexation of the area of Lakeville township, especially if modified, would best serve the interests of Farmington and the unincorporated area adjoining it.

As reluctant as we usually are to interfere with the actions of an administrative agency in a case such as this, we are compelled to remand the entire matter to the district court with directions to vacate the commission's consolidation order and remand it to the commission. Because of the passage of time since the date of the first appeal, the conflicts to be resolved as between the annexation and consolidation petitions, and the absence of any findings of fact which could justify the rejection of the annexation petition, we also direct the district court to vacate its order affirming the statutory denial of the annexation petition and remand it to permit the commission to consolidate the proceedings, reconsider the entire matter, and make such findings as are required by §§ 414.02, subd. 3, and 414.03, subd. 4, based upon the record herein and upon such other evidence as the parties might now submit.

Other claims raised by appellants appear to be mere makeweight. The claim that the court erred in refusing to permit appellants to call commission members as witnesses and inquire as to the theory of law they applied is clearly without merit, and the claim of unconstitutionality, absent notice to the attorney general, is not properly before us. Rule 144, Rules of Civil Appellate Procedure.

Reversed and remanded with directions to vacate the order of the commission and remand the petitions for proceedings not inconsistent with this opinion.

UPON PETITION FOR REHEARING.

On August 7, 1969, the following order was filed:

PER CURIAM.

Upon respondents' petition for rehearing, our attention has been called to certain problems resulting from the uncertain status of the new Village of Lakeville pending a redetermination by the commission, none of which were properly before us on this appeal. However, as appellants agree, we are of the opinion that the existing municipal government should continue pending redetermination by the commission and the district court's order remanding the petition to the commission should so direct.

Accordingly, the petition for rehearing is denied.