**CITY OF WYOMING, et al., petitioners, Appellants,**

v.

**MINNESOTA OFFICE OF ADMINISTRATIVE HEARINGS, Respondent,**

**City of Chisago City, intervenor, Respondent,**

**City of Stacy, intervenor, Respondent.**

**No. A06–1594.**

Court of Appeals of Minnesota.

July 24, 2007.

Timothy A. Sime, Rinke-Noonan, St. Cloud, MN, for appellants.

Lori Swanson, Attorney General, Kenneth E. Raschke, Jr., Assistant Attorney General, St. Paul, MN, for respondent Minnesota Office of Administrative Hearings.

Christopher M. Hood, Brandon M. Fitzsimmons, Flaherty & Hood, P.A., St. Paul, MN, for respondent City of Chisago City.

George C. Hoff, Daphne A. Lundstrom, Hoff, Barry & Kozar, P.A., Eden Prairie, MN, for respondent City of Stacy.

Considered and decided by DIETZEN, Presiding Judge; TOUSSAINT, Chief Judge; and HALBROOKS, Judge.

## OPINION

DIETZEN, Judge.

Appellants City of Wyoming and Wyoming Township challenge the district court's order denying their petition for a writ of mandamus compelling respondent Minnesota Office of Administrative Hearings (OAH) to order annexation of Wyoming Township into the City of Wyoming, arguing that the OAH is required by Minn. Stat. § 414.0325 (2006) to grant their petition. Because the district court properly applied the law and did not abuse its discretion, we affirm.

## FACTS

Wyoming Township (Township) is located in Chisago County and is surrounded by the cities of Stacy, Wyoming, and Chisago City. Respondent Minnesota Office of Administrative Hearings—Municipal

Boundaries Adjustment Unit (OAH) is an agency of the State of Minnesota authorized by Minn.Stat. § 14.48 (2006) to perform the duties and responsibilities assigned to the director of the Office of Strategic and Long–Range Planning under Minn.Stat. ch. 414. *See* Minn.Stat. § 414.01, subd. 1 and 414.011, subd. 11 (2006). The director's duties include the duty to conduct proceedings, make determinations, and issue orders for the creation of a municipality, the combination of two or more governmental units, or the alteration of a municipal boundary.

On December 6, 2005, the Wyoming City Council and the Wyoming Town Board each approved a joint resolution and orderly annexation agreement (Wyoming agreement) to annex the entire Township into the City of Wyoming. The Wyoming agreement was filed with the OAH on December 7, 2005.

The Wyoming agreement provided, among other things, that the entire Township was in need of orderly annexation and conferred jurisdiction upon the "director" of the Office of Strategic and Long–Range Planning to "review and comment" on the proposed annexation, but "not alter the boundaries" of the orderly annexation area. Because of holiday schedules and the 30–day limit contained in Minn.Stat. § 414.0325, subd. 1(g) (2006), for the OAH to act, appellants and the OAH agreed that the matter would be considered at its regular monthly meeting in January 2006.

On January 4, 2006, the City of Chisago City filed a resolution with the OAH, petitioning to annex 3,300 acres of the Township. The next day, the City of Stacy also filed a resolution with the OAH, petitioning to annex 777.6 acres of the Township.

The OAH did not act on appellant's joint resolution to annex the Township into the City of Wyoming at its January meeting. But in February 2006, the OAH issued orders setting a date for opening the hearing record for a contested case hearing on the Stacy and Chisago City petitions in accordance with the requirements of Minn. Stat. §§ 414.031, .09 (2006). The hearings were opened by the OAH and continued indefinitely. Subsequently, in March 2006, the OAH issued an order consolidating the Stacy and Chisago City petitions for purposes of a contested case hearing and stayed a decision on appellants' annexation petition pending resolution of the Stacy and Chisago City petitions.

Appellants then petitioned the Ramsey County District Court for a writ of mandamus compelling the OAH to order the annexation of the Township into the City of Wyoming, claiming that the OAH was required to do so by Minn.Stat. § 414.0325. Following a hearing on stipulated facts, the district court denied the petition for a writ of mandamus. This appeal follows.

## ISSUE

Did the district court err by refusing to issue a writ of mandamus compelling the OAH to order the annexation of Wyoming Township into the City of Wyoming?

## ANALYSIS

Appellants argue that the district court erred by denying their petition for a writ of mandamus compelling the OAH to grant their petition for annexation under Minn. Stat. § 414.0325 (2006). Initially, the OAH argues that a writ of mandamus is not the proper procedural mechanism for judicial review of its actions under chapter 414. We turn to that issue first.

### A. Availability of Mandamus Relief Under Chapter 414

Minn.Stat. § 414.07, subd. 2 (2006), provides that:

(a) Any person aggrieved by any order issued under this chapter may appeal to the district court upon the following grounds:

(1) that the order was issued without jurisdiction to act;

(2) that the order exceeded the orderer's jurisdiction;

(3) that the order is arbitrary, fraudulent, capricious or oppressive or in unreasonable disregard of the best interests of the territory affected; or

(4) that the order is based upon an erroneous theory of law.

The OAH argues that Minn.Stat. § 414.07 is the exclusive mechanism of judicial review for any party aggrieved by an order of the OAH.[1] Appellants argue that a writ of mandamus is not governed by Minn. Stat. § 414.07, but rather is a separate proceeding governed by Minn.Stat. §§ 586.01–.12 (2006).

We review questions of statutory interpretation de novo. *Hyatt v. Anoka Police Dep't,* 691 N.W.2d 824, 826 (Minn.2005). The object of all statutory interpretation "is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2006). Thus, we construe words according to their common and approved usage. Minn.Stat. § 645.08 (2006). Further, "[e]very law should be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16. If the meaning of the law is free of ambiguity, then we apply the law according to the plain and ordinary meaning of its terms. *Id.* (stating that when the words of a statute are clear and free of ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit).

■ Minn.Stat. § 586.01 provides that: "[t]he writ of mandamus may be issued to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." The purpose of the writ is to compel a government official to perform a duty that the law enjoins him to do. *State ex rel. Schmidt v. Youngquist,* 178 Minn. 442, 445, 227 N.W. 891, 892 (1929). Mandamus is a special proceeding. *Ullrich v. Newburg Twp. Bd.,* 648 N.W.2d 743, 744 (Minn.App.2002).

■ For two reasons, we conclude that Minn.Stat. § 414.07 does not preclude a separate mandamus proceeding under Minn.Stat. §§ 586.01–586.12. First, Minn. Stat. § 414.07 does not expressly prohibit a mandamus proceeding under Minn.Stat. §§ 586.01–586.12. Second, the purpose of a mandamus proceeding is not to appeal a decision of a government official, but rather is a special proceeding to compel a government official to perform an act required by law. In short, appellants' petition is not an "appeal" and, therefore, is not governed by Minn.Stat. § 414.07.

The OAH suggests that our decision in *Rockford Twp. v. City of Rockford,* 608 N.W.2d 903 (Minn.App.2000), supports its argument. We disagree. In *Rockford Twp.,* we stated that Minn.Stat. § 414.07 was the "exclusive" mechanism for obtaining judicial review of boundary adjustment "orders." *Id.* at 907. But the availability of mandamus was not raised in that case.

### B. Writ of Mandamus

■ We turn then to whether the district court erred by denying appellants' petition for a writ of mandamus. When a decision on a writ of mandamus is based solely on a legal determination, we review that decision de novo. *Breza v. City of*

1. Appellants have separately appealed the orders of the OAH, the appeal of which is currently pending in Chisago County District Court.

*Minnetrista,* 725 N.W.2d 106, 110 (Minn. 2006). "Mandamus is an extraordinary legal remedy." *State v. Pero,* 590 N.W.2d 319, 323 (Minn.1999). To be entitled to mandamus relief, appellants must show that: (1) the OAH failed to perform an official duty clearly imposed by law; (2) appellants suffered a public wrong and were specifically injured by the OAH's failure to order annexation; and (3) appellants have no other adequate legal remedy. *See Breza,* 725 N.W.2d at 109–110.

■ Appellants argue that Minn.Stat. § 414.0325, subd. 1, provides that upon receipt of a joint resolution designating an area as in need of orderly annexation, the director may "review and comment," but the annexation is mandated and must be ordered within 30 days. Thus, appellants argue that the OAH failed to exercise a duty imposed by law.

Minn.Stat. § 414.0325 sets forth the procedure that governs appellants' joint resolution to designate the unincorporated area of Wyoming Township as in need of orderly annexation. It provides that annexation of any part of the designated area may be initiated by the director or by submitting to the director a joint resolution. *Id.* at subd. 1(d). Appellants rely on subdivision 1, subparts (f) and (g), which provide as follows:

(f) If a joint resolution designates an area as in need of orderly annexation and states that no alteration of its stated boundaries is appropriate, the director may review and comment, but may not alter the boundaries.

(g) If a joint resolution designates an area as in need of orderly annexation, provides for the conditions of its annexation, and states that no consideration by the director is necessary, the director may review and comment, but shall, within 30 days, order the annexation in

accordance with the terms of the resolution.

Respondents argue that subparts (f) and (g) must be read in the context of the entire statute. Specifically, respondents argue that subparts (f) and (g) apply to a proceeding in which the only parties are the signatories to the joint resolution and do not apply when there is a competing petition for annexation. Respondents point to subdivision 6, which provides: "An orderly annexation agreement is a binding contract upon all parties to the agreement and is enforceable in the district court in the county in which the unincorporated property in question is located." Minn. Stat. § 414.0325, subd. 6. We agree that an orderly annexation agreement is not binding on respondents Stacy and Chisago City, but we do not view that conclusion as dispositive of the legislative intent behind subdivision 1, subparts (f) and (g).

Respondents next argue that the filing of petitions for annexation by Stacy and Chisago City of portions of the area sought to be annexed by the City of Wyoming created a "statutory conflict" between Minn.Stat. § 414.0325, subd. 1(f), (g), and Minn.Stat. § 414.031 (2006), which governs the procedure for petitions for annexation. Minn.Stat. § 414.031, subd. 3, provides: "Upon receipt of a petition or resolution initiating an annexation, the director shall designate a time and place for a hearing in accordance with section 414.09." And Minn.Stat. § 414.09 (2006) requires that the hearing must occur within 30 to 60 days after the filing of the petition. Thus, respondents argue that both statutes, namely, Minn.Stat. §§ 414.0325 and 414.031, require a hearing, and the director has the statutory authority to decide which annexation proposal proceeds first. The OAH agreed, stayed appellants' joint resolution, and ordered that the petitions of Stacy and Chisago City be consoli-

dated and proceed to hearing first. The OAH reasoned that:

> [T]o order the Wyoming annexation ... would foreclose the opportunity for a hearing on the merits of the respective annexation petitions of the cities of Chisago and Stacy.... On the other hand, conducting hearings on the Chisago and Stacy petitions will not, in itself, foreclose annexation of some or all of the disputed property to Wyoming.

The district court denied appellants' petition for a writ of mandamus, reasoning that:

> [P]ublic policy and the law supports the proposition that the OAH has the authority, under Minn.Stat. § 414 to act upon conflicting annexation petitions by conducting public hearings on the various petitions. The orderly process will assure that the complex issues involved in annexation, which have regional effect, will be openly discussed and resolved.

We agree that the competing proposals for annexation create a statutory conflict between Minn.Stat. § 414.0325, subd. 1, and Minn.Stat. § 414.031. Both statutes require that hearings be held on two different types of annexation proceedings. But we do not read Minn.Stat. § 414.0325 to require the director to order that a petition under that statute to proceed first. Rather, we read Minn.Stat. ch. 414 to authorize the director to exercise discretion in determining how competing proposals for annexation may proceed in a manner that satisfies the purposes of chapter 414. Specifically, the director has the authority to conduct hearings and to consolidate proceedings. Minn.Stat. §§ 414.01, subds. 1, 5 and 414.09, subd. 1. The authority to conduct hearings necessarily includes the authority to stay hearings. *See* Minn.Stat. § 414.01, subd. 16 (outlining the director's authority to compel meetings to address the issues in a petition); Minn.Stat. § 414.09 (outlining procedures for proceedings initiated by the submission of an initiation document such as an annexation petition); *see also Hagen v. Civil Serv. Bd.*, 282 Minn. 296, 300, 164 N.W.2d 629, 632 (1969) (stating that an administrative body acting quasi-judicially is not bound by the strict procedural rules that circumscribe the action of a court). Minn.Stat. § 414.0325, subd. 1(d), explicitly authorizes the director to initiate the annexation of any part of the designated area.

Thus, we read Minn.Stat. § 414.0325 to authorize the director to proceed either on the joint resolution, or on a proceeding initiated by the director. We conclude that the director had no legal duty to order the annexation of Wyoming Township into the City of Wyoming under Minn. Stat. § 414.0325. Consequently, the district court did not err in denying the writ of mandamus.

Existing case law supports our conclusion. In *Village of Farmington v. Minn. Mun. Corp.*, our supreme court addressed the jurisdiction of the now-defunct Minnesota Municipal Commission, the Municipal Boundary Adjustment Unit's predecessor, in a dispute involving competing petitions. 284 Minn. 125, 170 N.W.2d 197 (1969). The *Farmington* court stated:

> [Chapter] 414 authorizes the chairman of the commission to consolidate "separate hearings in the interest of economy and expedience" and vests in the commission broad powers to increase or decrease the area proposed for annexation. These provisions contemplate that the commission will be confronted with conflicting petitions. It is clear therefore that the legislature necessarily intended to authorize simultaneous consideration of such petitions. Such authority not only is consistent with the legislative purpose and design of c. 414 when con-

sidered as a whole, but also appears necessary if the commission is to fulfill its intended role and function of aiding, advancing, and authoritatively controlling the orderly expansion of existing municipalities and the incorporation of new municipalities.

*Id.* at 132, 170 N.W.2d at 202 (citations omitted).

Our conclusion is also supported by the reasoning of *Ashbacker Radio Corp. v. FCC,* 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108 (1945). In *Ashbacker,* the United States Supreme Court addressed the agency's grant of a radio-station license to one competing applicant and the scheduling of a *pro forma* hearing on the second application with intent to deny the application because the law forbade denial of an application without a hearing. The *Ashbacker* Court stated that "where two bona fide applications are mutually exclusive the grant of one without a hearing to both deprives the loser of the opportunity which [the legislature] chose to give him." *Id.* at 333, 66 S.Ct. at 151. Likewise, in this case there are three bona fide petitions. Approving the annexation of the Township into the City of Wyoming would deny Stacy and Chisago City the opportunity for a hearing on their respective petitions afforded to them by the legislature.

Appellants also argue that statutory rules of construction provide that when two laws passed in different sessions of the legislature are irreconcilable, the law later in date of final enactment shall prevail. *See* Minn.Stat. § 645.26, subd. 4 (2006). Specifically, appellants point out that Minn.Stat. § 414.031, requiring the OAH to set a hearing once it receives a resolution from an annexing municipality, was adopted in 1969, and the applicable provisions of Minn.Stat. § 414.0325 were adopted by the legislature in 1983 and amended in 2002. *See* 1969 Minn. Laws ch. 1146, § 10; 1983 Minn. Laws ch. 18, § 1; 2002 Minn. Laws ch. 236, § 1. Therefore, appellants argue, the later-adopted provisions of Minn.Stat. § 414.0325 must prevail over the older provisions found in Minn.Stat. § 414.031. We disagree.

But Minn.Stat. § 645.26 does not apply unless the provisions of two or more laws "are irreconcilable." Here, the director has the authority to initiate the annexation of any portion of the area designated for orderly annexation by appellants, and has the authority to consolidate proceedings in order to adjudicate disputes and oversee the orderly adjustment of municipal boundaries. Minn.Stat. §§ 414.0325; 414.01, subds. 1, 5; and 414.09, subd. 1. Thus, we conclude that the provisions of Minn.Stat. § 414.0325 and Minn.Stat. § 414.031, applied to the competing petitions at issue, are not irreconcilable.

Finally, appellants argue that the OAH's interpretation of the statutes frustrates one of the purposes of chapter of 414, which is to encourage long-range planning powers or other cooperative efforts among governmental bodies. *See LaCrescent Twp. v. City of LaCrescent,* 515 N.W.2d 608, 610 (Minn.App.1994) ("section 414.0325 allows cities and townships to plan for the future"). We disagree. Here, the director has ordered that the Stacy and Chisago City petitions proceed to a hearing and that appellants are parties to the proceeding, and, therefore, appellants will have the right to participate in the hearings and present evidence. Clearly, appellants' cooperative efforts that culminated in an annexation agreement and joint resolution filed with the OAH may be considered under the statute in determining the "best interest" of the area. *See* Minn.Stat. § 414.031, subd. 4(b)(3) (stating that in arriving at a decision on a petition or resolution for annexation, the director

shall consider the best interest of the area).

Respondents make further arguments on statutory construction that are not necessary for us to reach, and, therefore, we decline to do so.

## DECISION

Under Minn.Stat. ch. 414, the director of the Office of Strategic and Long–Range Planning has the discretion to determine which of two competing petitions for annexation, namely, a joint petition under Minn.Stat. § 414.0325 and a petition under Minn.Stat. § 414.031, should proceed first. Because the OAH had no legal duty to order the annexation of Wyoming Township into the City of Wyoming, the district court did not err by refusing to issue a writ of mandamus compelling annexation.

**Affirmed.**